505 P.2d 1223

**DUNHAM–BUSH, INC., Plaintiff-Appellant,**

v.

**A. J. PALKOVIC and A. J. Palkovic, d/b/a P & C Equipment, Defendant-Appellee.**

No. 9520.

Supreme Court of New Mexico.

Feb. 2, 1973.

548

Lorenzo A. Chavez, Melvin L. Robins, Albuquerque, for appellant.

I. M. Smalley, Deming, for appellee.

## OPINION

MONTOYA, Justice.

Plaintiff-appellant Dunham-Bush, Inc., hereinafter called "Dunham-Bush," brought suit against defendant-appellee A. J. Palkovic and A. J. Palkovic, d/b/a P & C Equipment, hereinafter referred to as "Palkovic," to correct an alleged overpayment of compensation and to collect an amount owing on an open account.

Dunham-Bush's complaint was filed December 10, 1968. On January 9, 1969, Palkovic filed an answer to the complaint and asserted a cross-claim against Dunham-Bush, alleging non-payment of earned commissions and that he needed Dunham-Bush's records in order to properly defend himself. Dunham-Bush answered this cross-claim on February 5, 1969. Then on March 28, 1972, Palkovic filed a motion to dismiss with prejudice for failure to prosecute, pursuant to Rule 41(e), Rules of Civil Procedure (§ 21–1–1(41)(e), N.M.S.A. 1953 Comp.). A hearing was held on the motion and the trial court granted the motion to dismiss both the complaint and cross-claim with prejudice on April 25, 1972. This appeal ensued. We affirm.

In addition to the pleadings mentioned above, the record reveals that the following evidence was presented at the hearing on the motion: (1) Charles D. Harris, attorney for Dunham-Bush, wrote a letter dated July 16, 1969, to the attorney for Palkovic enclosing reports which were not requested in Palkovic's cross-claim. In the letter of July 16, 1969, Mr. Harris advised that he may have to disqualify Judge Burks. (2) On August 8, 1969, Mr. Harris wrote the attorneys for the home office of Dunham-Bush, asking if the requested records could be furnished and stating that he, Mr. Harris, had talked with Judge Burks and believed there was a possibility that the case could be set down in October. (3) The deputy district court clerk for the Seventh Judicial District sent a form letter questionnaire to counsel for Dunham-Bush dated April 3, 1970. The questionnaire was utilized:

"In an effort to expedite the setting of cases, conserve time, and avoid needless expense to attorneys and litigants, * * *."

The requested information was as to the number of witnesses that would be called, the number of expert witnesses to be called, the estimate of time required to try the entire case, whether a pretrial conference was necessary or desirable, and whether the case could be as conveniently tried in Socorro as at Reserve, New Mexico. This questionnaire was answered and filed on April 4, 1970.

As reflected by the record in this cause, there was no stipulation filed suspending or postponing final action beyond three years. Thus, the question to be decided is whether it was:

" * * * made to appear to the [district] court that the plaintiff * * * failed to take any action to bring * * * [this cause] to its final deter-

mination for a period of at least three [3] years after the filing of said action * * *."

Rule 41(e), supra.

That portion of Rule 41(e), supra, here applicable provides:

"(1) In any civil action or proceeding pending in any district court in this state, including actions in which a jury trial has been demanded, when it shall be made to appear to the court that the plaintiff therein or any defendant filing a cross-complaint therein has failed to take any action to bring such action or proceeding to its final determination for a period of at least three [3] years after the filing of said action or proceeding or of such cross-complaint unless a written stipulation signed by all parties to said action or proceeding has been filed suspending or postponing final action therein beyond three [3] years, any party to such action or proceeding may have the same dismissed with prejudice to the prosecution of any other or further action or proceeding based on the same cause of action set up in the complaint or cross-complaint by filing in such pending action or proceeding a written motion moving the dismissal thereof with prejudice."

This court has recently clarified Rule 41(e), supra, in an effort designed to remove the multitudinous problems and many injustices which resulted from the rule's previous application.

In State ex rel. Reynolds v. Molybdenum Corp. of Amer., 83 N.M. 690, 496 P.2d 1086 (1972), this court stated:

"The rule contemplates a hearing upon a motion to dismiss at which the parties may present evidence on the issue of whether ' * * * the plaintiff therein or any defendant filing a cross-complaint therein has failed to take any action to bring such action or proceeding to its final determination for a period of at least three [3] years after the filing of said action or proceeding or of such cross-complaint. * * *' It is consistent with the purpose and intent of the rule that the movant must also be diligent, and action taken prior to the filing of the motion to dismiss must be considered as timely. Martin v. Leonard Motor-El Paso, [75 N.M. 219, 402 P.2d 954 (1965)].

"The trial court should determine, upon the basis of the court record and the matters presented at the hearing, whether such action has been timely taken by the plaintiff, the cross-claimant or the counter-claimant against whom the motion is directed, and, if not, whether he has been excusably prevented from taking such action. *In making this determination, the discretion of the trial court will be upheld on appeal except for a clear abuse thereof.*" (Emphasis added.)

The record reveals that the trial court examined the court record containing the complaint, answer and cross-claim, answer to the cross-claim and motion to dismiss for failure to prosecute. In addition, the record reflects that the trial court received, as exhibits, all of the exhibits which reflected the correspondence between the respective attorneys, alluded to above, and the court form questionnaire used by the Seventh Judicial District Court Clerk, which is used by the court to gather information regarding pending cases.

The trial court's order dismissing Dunham-Bush's complaint and Palkovic's cross-claim, dated April 25, 1972, was entered prior to this court's decision in State ex rel. Reynolds v. Molybdenum Corp. of Amer., supra. Though the trial court announced it was basing its ruling on Briesmeister v. Medina, 76 N.M. 606, 417 P.2d 208 (1966), we are persuaded by the record below that the evidence presented by Dunham-Bush at the hearing on the motion to dismiss was not sufficient to demonstrate anything other than a failure:

" * * * to take any action to bring such action or proceeding to its final de-

termination for a period of at least three [3] years * * *," as is required by Rule 41(e), supra, and that the decision of the trial court should be affirmed.

Accordingly, as stated by Justice Stephenson in a specially concurring opinion in Safeway Stores, Inc. v. City of Las Cruces, 82 N.M. 499, 484 P.2d 341 (1971):

"The grounds that seem persuasive to me were not the grounds upon which the trial court placed its decision, but I considered the case an apt one to apply the rule that if the result reached by the trial court is correct, its judgment would be affirmed, though based on grounds other than those prevailing on appeal."

See also Albuquerque National Bank v. Johnson, 74 N.M. 69, 390 P.2d 657 (1964), wherein this court held:

"* * *. Even though the trial court may have based its decision upon other grounds, the judgment will be affirmed since it can be sustained upon correct legal principles. Ortiz v. Gonzales, 64 N. M. 445, 329 P.2d 1027; Cross v. Erickson, 72 N.M. 73, 380 P.2d 520."

Dunham-Bush agrees that State ex rel. Reynolds v. Molybdenum Corp. of Amer., supra, states the correct interpretation of Rule 41(e), supra, and argues that it has complied with the rule. However, Dunham-Bush does not point out in what manner the trial court abused its discretion in dismissing the action. As stated in State ex rel. Reynolds v. Molybdenum Corp. of Amer., supra, "* * * the discretion of the trial court will be upheld on appeal except for a clear abuse thereof."

In Independent Steel & Wire Co. v. New Mexico Cent. R. Co., 25 N.M. 160, 178 P. 842 (1919), this court held that:

"An abuse of discretion is said to occur when the court exceeds the bounds of reason, all the circumstances before it being considered. * * *"

See Shillinglaw v. Owen Shillinglaw Fuel Company, 70 N.M. 65, 370 P.2d 502 (1962); Wright v. Atchison, Topeka and Santa Fe Railway Co., 64 N.M. 29, 323 P. 2d 286 (1958).

Accordingly, in view of the foregoing, the trial court did not abuse its discretion in granting the motion to dismiss for failure to prosecute.

The order of the trial court is affirmed. It is so ordered.

McMANUS, C. J., and OMAN, J., concur.