738 P.2d 123

**CRANETEX, INC., a Texas corporation which is a wholly-owned subsidiary of Harnischfeger Corp., a Delaware corporation, Plaintiff-Appellee,**

v.

**MOUNTAIN DEVELOPMENT CORPORATION, a New Mexico corporation, Defendant-Appellant.**

**No. 16863.**

Supreme Court of New Mexico.

June 16, 1987.

Doerr & Knudson, Randy Knudson, Portales, for defendant-appellant.

Robert Brack, Clovis, for plaintiff-appellee.

**OPINION**

WALTERS, Justice.

Defendant-appellant Mountain Development Corporation (MDC) entered into two lease-option-to-purchase contracts with Petro-Lift. Petro-Lift is not a party to this appeal. The first lease involved an eighteen-ton crane, and the lease expired on March 1, 1985. The second lease involved a twenty-ton crane, and that lease expired on March 15, 1985.

The terms and conditions of the option to purchase were primarily oral agreements; however, Cranetex stipulated, and the trial court found that the language contained in Schedule A of the two leases constituted an option to purchase which left open certain particulars of performance including the date, time, and manner of exercise of the option.

In May 1984, Petro-Lift assigned its interest in the leases to plaintiff-appellee Cranetex. On February 19, 1985, Cranetex sent a letter to MDC stating that "[i]f you do choose to purchase, the total amount owing will be due and payable on the exercise date." MDC responded by a letter on February 25, 1985, indicating that it had "decided to exercise [its] purchase option upon completion of the leases." MDC informed Cranetex that they were "in the process of transferring the required funds through the Corporation, and will make payment in full upon completion of transfer."

On March 5, 1985, Cranetex sent MDC a telegram which indicated that because payment in full had not been received on

March 1, 1985, MDC was to immediately stop using the eighteen-ton crane.

On March 10, 1985, MDC contacted Cranetex to determine the exact amount which would be due and owing pursuant to the "additional expense" clause of the lease. Cranetex told MDC to contact its attorney, and two days later Cranetex filed suit to replevy the eighteen-ton crane. Cranetex later amended its complaint to include a suit to replevy the twenty-ton crane.

The trial court entered a judgment in favor of Cranetex, and denied MDC's requested relief on its counterclaim. MDC appeals, and we reverse the trial court.

MDC's basic contention is that the trial court erred in concluding that, pursuant to NMSA 1978, Section 55–2–311, Cranetex was the proper party to determine the particulars of performance of the option to purchase.

Section 55–2–311 in pertinent part provides:

An agreement for sale which is otherwise sufficiently definite to be a contract is not made invalid by the fact that it *leaves particulars of performance to be specified by one of the parties.* Any such specification must be made in good faith and within limits set by commercial reasonableness. (Citations omitted; emphasis added.)

Under the Uniform Commercial Code, it is generally stated that "[t]o the extent that the contract does not expressly regulate any matter relating to the exercise of such powers, the continuing pre-Code contract law will supply the answer." 2 R. Anderson, *Uniform Commercial Code* 2–311:12 (1982). *See* NMSA 1978, § 55–1–103. Neither of the leases defined which party was to determine the particulars of the option to purchase; we look, therefore, to pre-Code contract law to resolve matters relating to the exercise of the option.

In accordance with general rules of contract law, if an agreement grants an option to purchase, and "is silent as to the time at which payment of the stipulated purchase price is to be made, the option may ordinarily be *exercised by the optionee without making or tendering payment at the* *time of ... such exercise.*" Annotation, *Necessity for Payment or Tender of Purchase Money Within Option Period in Order to Exercise Option, in Absence of Specific Time Requirement for Payment,* 71 A.L.R.3d 1201, 1219 (1976) (emphasis added). *See also Newberry v. McClaren,* 264 Ark. 735, 575 S.W.2d 438 (1978); *Dave Williams Printing Co. v. Wooten,* 644 S.W.2d 403 (Tenn.App.1982).

The lease agreements which granted MDC the option to purchase were silent as to the time of payment; thus, on February 25, 1985, MDC properly exercised the option to purchase by giving Cranetex written notice of its intent to purchase the cranes.

Additionally, MDC was prepared to make full payment on the cranes within a reasonable time after the leases expired. On March 27, 1985, within two weeks of the lease expiration on the twenty-ton crane and within four weeks of the lease expiration on the eighteen-ton crane, MDC presented a check payable to Cranetex for the purchase price of both cranes, together with late charges calculated through March 18, 1985. Cranetex refused the payment.

The manner in which MDC notified Cranetex of its election to purchase the cranes, and presentment of full payment in fewer than thirty days from expiration of the leases, were acts done in a reasonable fashion, and certainly within a reasonable time, as required by the Uniform Commercial Code. *See* NMSA 1978, § 55–1–204(3).

The trial court is reversed and the cause remanded for further proceedings on MDC's counterclaim.

Costs of this appeal are assessed against Cranetex. SCRA 1986, 12–403.

IT IS SO ORDERED.

SCARBOROUGH, C.J., and STOWERS, J., concur.