870 P.2d 138

**Paul VIGIL, Claimant–Appellant,**

**v.**

**THRIFTWAY MARKETING CORPORATION and Travelers Insurance Company, Respondents–Appellees.**

**No. 14411.**

Court of Appeals of New Mexico.

Jan. 25, 1994.

John R. Westerman, Farmington, for claimant-appellant.

Robert D. Benson, Benson & Associates, Farmington, for respondents-appellees.

## OPINION

BLACK, Judge.

The issue we decide today is the meaning of "good cause" within the context of SCRA 1986, 1–041(E)(2) (Repl.1992). Paul Vigil ("Worker") appeals from an order denying his motion for reinstatement after his case was dismissed sua sponte by the Workers' Compensation Judge ("the Judge") for lack of action. Thriftway Marketing Corp. ("Employer") and Travelers Insurance Co. (together, "Respondents") argue that Worker's appeal is not timely. We disagree. Worker argues that: (1) the Judge should be estopped from enforcing the dismissal order because it was not mailed to the parties in a timely manner; (2) the findings are not supported by substantial evidence; (3) the Judge erred in requiring Worker to demonstrate a "compelling excuse" for lack of action; and (4) the Judge abused his discretion in refusing to reinstate Worker's case. We agree with Worker's third and fourth arguments, and we reverse.

## I. FACTS

Worker filed a claim on April 27, 1990, for injuries suffered in an automobile accident in late 1988. Discovery was authorized and conducted. Trial was set for January 15, 1991, but was continued on the unopposed motion of Employer. Trial was re-set for February 15, 1991, but continued on Worker's unopposed motion. Trial was again rescheduled for March 8, 1991.

Shortly before the March trial date, Worker disclosed to his attorney that he had suffered spells of unconsciousness and incontinence. Worker's attorney began investigating whether these new symptoms were relat-

ed to the accident underlying Worker's claim. On March 8, 1991, Worker moved to continue the hearing indefinitely so that he could conduct further investigation of these symptoms. The motion was granted.

Worker's attorney received a final doctor's report on Worker's condition in October 1991. Worker's attorney then waited to see if Worker's condition would stabilize. In August of 1992, Worker's attorney prepared a supplemental response to Respondents' interrogatories and requests for production regarding Worker's condition. He also prepared and served a second set of interrogatories on Respondents and served a notice to take a deposition.

On August 16, 1992, Worker requested a setting on the merits. At this time, the Workers' Compensation Administration informed Worker's attorney the case had been dismissed sua sponte. The case had been dismissed some three months earlier, but the Workers' Compensation Administration had failed to send copies of the dismissal order to the parties. Thus, August 16 was the first time Worker or his attorney heard of the dismissal.

Worker's attorney finally received his copy of the dismissal on August 28, 1992. On September 21, Worker's attorney filed a petition to reopen the case. A hearing was held on October 1, 1992. At the conclusion of the hearing, the Judge orally denied Worker's petition for reinstatement. Worker moved for reconsideration; at the end of a hearing on November 19, 1992, the Judge orally denied both the motions to reopen and to reconsider. A written order denying both motions was issued on November 23, 1992, and Worker filed a notice of appeal on December 23, 1992.

## II. *TIMELINESS OF APPEAL*

■ Respondents argue that Worker did not perfect a timely appeal because denial of Worker's motion for reinstatement was not " 'a separate appealable event[,]' " and, even if it was, Worker failed to appeal within thirty days after his motion was deemed automatically denied under NMSA 1978, Section 39–1–1 (Repl.Pamp.1991). Respondents' argument assumes that the Judge's oral de-

nial of the motion for reinstatement at the end of the October 1, 1992, hearing was a final, appealable judgment. It was not. Oral rulings are not final and therefore not a proper basis for an appeal. *Smith v. Love,* 101 N.M. 355, 356, 683 P.2d 37, 38 (1984); *Peterson Properties v. Valencia County Valuation Protests Bd.,* 89 N.M. 239, 242, 549 P.2d 1074, 1077 (Ct.App.1976).

■ There was no final order denying reinstatement until the Judge issued a written order on November 23, 1992. Nor was Worker's motion for reinstatement deemed denied by operation of law under Section 39–1–1. Worker's motion for reinstatement was not filed pursuant to Section 39–1–1; it was filed pursuant to SCRA 1–041(E), which does not contain a provision saying that motions filed pursuant to it are deemed denied if not acted upon within a certain amount of time. Worker's notice of appeal filed on December 23 was therefore timely.

## III. *WORKER'S MOTION FOR REINSTATEMENT*

■ Throughout the hearings on Worker's motion for reinstatement, Worker cited the applicable rule as SCRA 1–041(E) while Employer referred to SCRA 1–041(B). The Judge's findings and conclusions show that he relied on SCRA 1–041(B) and his inherent authority in denying Worker's motion for reinstatement. We hold that the Judge erred by failing to follow SCRA 1–041(E)(2).

SCRA 1–041 was amended effective January 1, 1990. *Compare* SCRA 1986, 1–041 (Repl.1992) ("new SCRA 1–041") *with* SCRA 1986, 1–041 (Recomp.1986) ("old SCRA 1–041"). The amendment did not make any significant changes in Subsection (B). Both the new and the old SCRA 1–041(B) provide: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action...."

Subsection (E), however, was substantially rewritten. Before the 1990 amendment, Subsection (E)(1) provided that the defendant could move to have an action dismissed with prejudice if the complaining party "failed to take any action to bring such action

or proceeding to its final determination for a period of at least three (3) years[.]" The 1990 amendment shortened that period to two years. More importantly, that amendment added language specifically authorizing trial judges to review their dockets and, sua sponte, dismiss cases showing no action within the previous 180 days.

■ Both Subsections (B) and (E)(1) now provide for dismissal upon motion by the opposing party, but only the new Subsection (E)(2) specifies the procedures for a court to dismiss "on its own motion." The adoption of this rule by the New Mexico Supreme Court dictates how cases are to be dismissed without prior notice by a trial judge. Where a rule of civil procedure addresses the specific situation before a court, a trial judge is not free to ignore the dictates of the rule and rely instead on inherent authority. *See State v. Doe,* 99 N.M. 460, 463, 659 P.2d 912, 915 (Ct.App.1983); *cf. Tafoya v. Baca,* 103 N.M. 56, 59–60, 702 P.2d 1001, 1004–05 (1985) (when the Supreme Court promulgates rules, those rules supersede previous judicial opinions and the rules are controlling). In the present case, the Judge failed to follow the dictates of new SCRA 1–041(E)(2).

### A. Notice of Dismissal

■ First, Subsection (E)(2) allows the court to dismiss a case if the party filing the case has failed to take any significant action within the previous one hundred and eighty days. When the court takes such action, however, "[a] copy of the order of dismissal shall be forthwith mailed by the court to all parties of record in the case." In this case, no notice of dismissal was mailed to either party, and Worker's attorney discovered the dismissal only when he requested a setting on the merits. SCRA 1–041(E)(2) provides that: "Within thirty (30) days *after service* of the order of dismissal, any party may move for reinstatement of the case." *Id.* (emphasis added). Thus, the fact that the order of dismissal was not mailed to Worker until August means that Worker had until September to file his motion to reinstate the case.

### B. Standard for Reinstatement

■ Second, Subsection (E)(2) directs the court to reinstate the case "[u]pon good cause shown." When Worker moved for reinstatement, however, the Judge found that Worker had "failed to demonstrate any *compelling excuse* for failure to prosecute or to demonstrate any reason for reopening the Order of Dismissal." (Emphasis added.) The Judge should have determined whether Worker had shown "good cause" for his lack of action; "compelling excuse" is not the correct standard under SCRA 1–041(E)(2). The standard adopted by the Judge indicates that he required a greater showing than "good cause". *Cf. Chase v. Contractors' Equip. & Supply Co.,* 100 N.M. 39, 43, 665 P.2d 301, 305 (Ct.App.) ("good cause" under one rule requires lesser showing for setting aside default judgment than the "exceptional circumstances" required by another rule), *cert. denied,* 99 N.M. 740, 663 P.2d 1197 (1983).

### C. Amendment of the Rule

■ The fundamental principle behind any attempt at statutory interpretation is to further the purposes underlying the statute. *Giant Indus. Arizona, Inc. v. Taxation & Revenue Dep't,* 110 N.M. 442, 445, 796 P.2d 1138, 1141 (Ct.App.1990). When dealing with a statute or rule which has been amended, the amended language must be read within the context of the previously existing language, and the old and new language, taken as a whole, comprise the intent and purpose of the statute or rule. *State ex rel. Stratton v. Serna,* 109 N.M. 1, 3, 780 P.2d 1148, 1150 (1989). In examining the 1990 amendment that added the language in Subsection (E)(2), at least three features of the revised rule seem significant to the resolution of the present issue: first, SCRA 1–041(B) and 1–041(E)(1) provide a serious sanction for extremely dilatory parties and their counsel; second, the addition of SCRA 1–041(E)(2) was therefore designed to serve a different purpose; and third, SCRA 1–041(E)(2) was apparently intended to provide a standardized procedure for trial courts to evaluate the intentions of parties and their counsel and to rid their dockets of cases that

should not be carried as active cases. If we are correct in interpreting the purpose of SCRA 1–041(E)(2), it seems logical that the "good cause" required for reinstatement of a case dismissed without notice and following the relatively shorter 180–day period should be construed liberally. Subsections (B) and (E)(1) require longer periods of inaction and have very strict standards before there can be a dismissal. It makes little sense to interpret SCRA 1–041(E)(2) to allow dismissals after a much shorter period under a lesser standard.

The Maryland Court of Appeals construed a rule functionally similar to SCRA 1–041(E)(2) in *Powell v. Gutierrez*, 310 Md. 302, 529 A.2d 352 (1987). Under the Maryland rule, cases were subject to dismissal after no activity for a period of one year. *Id.* 529 A.2d at 354. The clerk would then notify the parties of a proposed dismissal and the plaintiff would be obligated to show "good cause" in order to avert the proposed dismissal. *Id.* After being served with such a notice by the clerk, Powell's counsel filed a motion to defer dismissal (the equivalent of our motion to reinstate) and informed the court he was in the process of answering interrogatories and was ready to pursue the claim diligently. *Id.* 529 A.2d at 356. The trial court found this insufficient to satisfy the good cause standard and dismissed the case. *Id.* The Maryland Court of Appeals reversed. That court established the following criteria for "good cause" for legal inaction in this context:

> To show "good cause," the party filing the motion to defer dismissal must demonstrate to the court that he is ready, willing, and able to proceed with the prosecution of his claim and that the delay in prosecution is not wholly without justification. If the party makes this showing, the court should regard the case as viable and defer dismissal. This deferral, however, should be subject to a schedule for prosecution and should be made on such terms as the court determines are appropriate under the circumstances.

*Id.* 529 A.2d at 355.

In reversing, the Maryland court recognized the legitimate policy behind such a rule, allowing trial courts to prune "dead-wood" from their docket, but tipped the balance in favor of deciding cases on their merits:

> In reaching our decision, we realize that judges and administrators are appropriately concerned with case flow and efficiency. Nevertheless, our concern with expeditious case management should not blind us to the true goal of our system, which is to provide a fair determination of legitimate issues brought before us. We therefore find that the trial judge abused his discretion in dismissing the case.

*Id.* 529 A.2d at 356.

We believe the *Powell* standard on "good cause" is appropriate in the context of SCRA 1–041(E)(2). Under that rule, a trial judge should reinstate a claim previously dismissed sua sponte if a party "can demonstrate to the court that he is ready, willing, and able to proceed with the prosecution of his claim and that the delay in the prosecution is not wholly without justification." *Powell,* 529 A.2d at 355. In the present case Worker made such a showing. We therefore reverse the order of the Judge and remand with directions to reinstate the case and proceed to hearing.

## IV. CONCLUSION

SCRA 1–041(E)(2) is designed to allow trial judges to clear deadwood from the docket, not to penalize plaintiffs or workers who have lax attorneys. Penalties for laxness may be assessed in appropriate circumstances, including dismissal under SCRA 1–041(B) or SCRA 1–031(E)(1). *See generally Lowery v. Atterbury,* 113 N.M. 71, 823 P.2d 313 (1992); *Jones v. Montgomery Ward & Co.,* 103 N.M. 45, 702 P.2d 990 (1985). SCRA 1–041(E)(2), however, does not permit the dismissal to stand under the facts of this case.

We reverse and remand with directions to reinstate Worker's case.

IT IS SO ORDERED.

APODACA and PICKARD, JJ., concur.