This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MESA FINANCE, INC.,**

    **Plaintiff-Appellee,**

v.                                                                                    **NO. 29,504**

**JAMES VAUGHN,**

    **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Abigail Aragon, District Judge**

William J. Cooksey
Albuquerque, NM

for Appellee

New Mexico Legal Aid
Martin A. Lopez
Las Vegas, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant appeals from a district court order denying his motion to reinstate a replevin action. We issued a calendar notice proposing to affirm. Defendant has

responded with a memorandum in opposition. We affirm.

Pursuant to Rule 1-041(E)(2), a party is entitled to reinstatement of the complaint if a motion is filed within 30 days of the dismissal order establishing "good cause" to do so. "Good cause" has been defined as demonstrating that a party is "ready, willing, and able to proceed with the prosecution of his claim and that the delay in prosecution is not wholly without justification." *Vigil v. Thriftway Mktg. Corp*, 117 N.M. 176, 180, 870 P.2d 138, 142 (Ct. App. 1994).

Here, a writ of replevin was issued on November 19, 2009. [RP 12] On November 26, 2007, Plaintiff filed a motion for order to show cause why Defendant should not be held in contempt for failure to comply with the writ. [RP 14] Defendant responded by treating this as a request to make the writ permanent. [RP 17] He also argued that he believed that his disability insurer was required to pay his vehicle payments under its policy. [RP 21-22] On December 17, 2007, the district court issued an order giving Defendant thirty days to resolve the disability issue, with the writ becoming permanent if he failed to do so. [RP 30] Citing to Rule 1-041(E)(2), the district court issued an order of closure on December 19, 2009. [RP 41] Defendant filed his motion for reinstatement on January 15, 2009, again arguing that his vehicle payments should have been made under his insurance policy. [RP 42]

As we observed in our calendar notice, the tape log of the hearing on the motion to reinstate indicates that the district court denied the motion because Defendant had

2

never filed a counterclaim in this proceeding. [RP 49] *See* Rule 1-041(E)(1) NMRA. In other words, Defendant had no claim to reinstate. Defendant responds to this point in his memorandum in opposition by stating that there was never a final writ of replevin issued. [MIO 2] However, a writ of replevin had already been issued. [RP 12] The district court December 17, 2007 order essentially gave Defendant a second chance to resolve the dispute he was having. Contrary to Defendant's claim that we have no final order with respect to the replevin action, the district court order was self-executing, effectively making the writ permanent if Defendant did not take certain actions within the thirty day period. [RP 30-31]

To the extent that we might construe this as a motion under Rule 1-060(B) NMRA, Defendant has failed to preserve this issue and has not provided any ground for establishing such relief. *See Phelps Dodge Corp. v. Guerra*, 92 N.M. 47, 51, 582 P.2d 819, 823 (1978) (holding that an appellate court "will not interfere with the action of [a] trial court in vacating a judgment except upon a showing of abuse of discretion"). Defendant's motion [RP 42] did not even indicate that his disability carrier accepted coverage and offered to make the disputed payments. To the contrary, his motion acknowledged that the disability insurer was still refusing to pay and it was likely he would sue. [RP 44, ¶ 44] Notwithstanding Defendant's claim that some papers out of his possession might help clarify this matter, there is no showing that the fundamental reason for the writ—the failure to pay—was ever at issue.

Instead, as we observed in our calendar notice, this appears to be a dispute between Defendant and his disability insurer.

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**ROBERT E. ROBLES, Judge**

_____
**LINDA M. VANZI, Judge**