This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LEANDRA CORRAL**,

    Plaintiff-Appellant,

v.                                                            **NO. 30,821**

**LAINA McCARTHY**,

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

Montoya Law, Inc.
Dennis W. Montoya
Rio Rancho, NM

for Appellant

Rugge, Rosales & Associates, P.C.
Dale R. Rugge
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Plaintiff appeals an order denying her motion to reinstate her case after it was dismissed for failure to prosecute. In this Court's notice of proposed summary disposition, we proposed to reverse. Plaintiff has filed a memorandum in support. Defendant has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by Defendant's arguments, we reverse.

In this Court's notice of proposed summary disposition, we proposed to hold that the district court abused its discretion in refusing to reinstate Plaintiff's case after it was dismissed a second time pursuant to Rule 1-041(E)(2) NMRA. We reasoned that the district court had erred in failing to enter a Rule 1-016 NMRA scheduling order after the original reinstatement as required by Rule 1-041(E)(2) upon Plaintiff's request for such an order, and that if it had entered such an order, dismissal would have been improper under the rule. *See* Rule 1-041(E)(2) ("Unless a pretrial scheduling order has been entered pursuant to Rule 1-016 NMRA, the court on its own motion or upon the motion of a party may dismiss without prejudice the action . . . if the party filing the action . . . has failed to take any significant action in connection with the action . . . within the previous one hundred and eighty (180) days."). We also proposed to conclude that Plaintiff demonstrated good cause for reinstatement pursuant to the liberal rule in favor of reinstatement. *See Summit Elec.*

*Supply Co., Inc. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶ 7, 148 N.M. 590, 241 P.3d 188, *cert. denied*, 2010-NMCERT-008, 148 N.M. 942, 242 P.3d 1288.

Defendant argues that the district court need not have complied with Rule 1-041(E)(2) because the district court could dismiss the case as an exercise of its inherent authority. [MIO 3-5] We disagree. This argument was expressly rejected in *Vigil v. Thriftway Marketing Corp.*, 117 N.M. 176, 179, 870 P.2d 138, 141 (Ct. App. 1994), where we declined to affirm the district court's dismissal of a case on its own motion when the dismissal did not comply with Rule 1-041(B)(2). We said that "[w]here a rule of civil procedure addresses the specific situation before a court, a trial judge is not free to ignore the dictates of the rule and rely instead on inherent authority." *Id.* The authorities cited by Defendant regarding the district court's inherent authority in this case were either decided prior to *Vigil* or do not involve the application of Rule 1-041(E)(2).

Defendant also argues that dismissal was proper pursuant to "the local rules in conjunction with the court's inherent power." [MIO 5-6] We reject this argument for the reasons discussed above, as the district court could not properly dismiss the case on its own motion except in accordance with Rule 1-041(E)(2). Furthermore, where there is any conflict between Rule 1-041(E)(2) and the local rule, Rule 1-041(E)(2) must control. *See H-B-S P'ship v. Aircoa Hospitality Servs., Inc.*, 2008-NMCA-013,

¶¶ 9-10, 143 N.M. 404, 176 P.3d 1136.  While we recognize that Plaintiff's form requesting a scheduling order did not comply with the local rule, this alone does not permit dismissal of her case on the court's own motion.

Finally, Defendant argues that dismissal was proper because Plaintiff failed to show good cause for reinstatement.  However, we need not address this argument, as we have concluded that the second dismissal was not proper in the first place, since Plaintiff had requested a Rule 1-016 scheduling order and the district court erred in failing to enter the order.  Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we reverse.

**IT IS SO ORDERED**.


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**TIMOTHY L. GARCIA, Judge**

4