This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**WENDY ROZZELLE,**

    Plaintiff-Appellant,

v.                              **NO. 30,220**

**PAULETTE STEENSEN-JACOBS, individually;**
**HEATHER GUARINO, individually; and PREMIER**
**PROPERTIES VACATION RESERVATIONS, LLC,**
**a New Mexico Limited Liability Company,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sam B. Sanchez, District Judge**

Jane B. Yohalem
Santa Fe, NM

for Appellant

David Henderson
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

After the district court dismissed Plaintiff Wendy Rozzelle's case under Rule 1-041(E)(2) NMRA for failure to prosecute, Rozzelle moved to reinstate. We hold that the district court applied the wrong legal standard in denying the motion, and that to the extent that it applied the correct standard, its ruling was clearly contrary to the facts and circumstances of this case. Accordingly, we reverse.

## I. BACKGROUND

After approximately one year during which no filings took place in this case, Defendants filed a motion to dismiss for failure to prosecute under Rule 1-041. Plaintiff opposed the motion, arguing that although she had made no filings, she had made numerous phone calls to counsel in an attempt to continue settlement discussions. Plaintiff alleged that these calls were never returned. The district court granted the motion to dismiss.

On October 13, 2009, within the thirty-day limit imposed by Rule 1-041(E)(2), Plaintiff filed a motion to reinstate the case. Plaintiff argued that, except for the two depositions that the district court had stayed, she was ready to proceed to trial. Plaintiff also made arguments explaining the delay. Quoting Rule 1-041(E), the district court noted that Plaintiff had not "taken any significant action to bring this matter to completion." The motion was denied.

## II. DISCUSSION

When a party timely moves for reinstatement after dismissal for failure to prosecute under Rule 1-041(E)(2), "[u]pon good cause shown, the court *shall* reinstate the case." *Id.* (emphasis added). Good cause exists when "a party can demonstrate to the court that he is ready, willing, and able to proceed with the prosecution of his claim and that the delay in the prosecution is not wholly without justification." *Vigil v. Thriftway Mktg. Corp.*, 117 N.M. 176, 180, 870 P.2d 138, 142 (Ct. App. 1994) (internal quotation marks and citation omitted).

We review the district court's decision on a motion to reinstate for abuse of discretion. *Summit Elec. Supply Co. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶ 6, 148 N.M. 590, 241 P.3d 188. "[T]he trial court abuses discretion when it applies an incorrect standard, incorrect substantive law, or its discretionary decision is premised on a misapprehension of the law." *Aragon v. Brown*, 2003-NMCA-126, ¶ 9, 134 N.M. 459, 78 P.3d 913. "[E]ven when we review for an abuse of discretion, our review of the application of the law to the facts is conducted de novo." *New Mexico Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶ 7, 127 N.M. 654, 986 P.2d 450 (internal quotation marks and citation omitted). Additionally, "[a]n abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153.

Our leading case on motions to reinstate is *Vigil*. There, a workers' compensation case was delayed when the worker developed additional symptoms prior to trial. 117 N.M. at 177-78, 870 P.2d at 139-40. After the worker's attorney investigated the new symptoms, he requested that a trial be set. *Id.* at 178, 870 P.2d at 140. Only then did the worker discover that the case had been dismissed several months earlier without notice to the worker. *Id.* Upon receiving the order of dismissal, the worker petitioned to reinstate the case, but the petition was denied. *Id.*

On appeal, this Court reversed, noting that the district court "should have determined whether [the w]orker had shown 'good cause' for his lack of action; 'compelling excuse' is not the correct standard under [Rule] 1-041(E)(2)." *Vigil*, 177 N.M. at 179, 870 P.2d at 141. We held that the correct standard is whether the party is "ready, willing, and able to proceed with the prosecution of his claim and that the delay in the prosecution is not wholly without justification." *Id.* at 180, 870 P.2d at 142 (internal quotation marks and citation omitted). The purpose of the rule is to allow "trial courts to evaluate the intentions of parties and their counsel and to rid their dockets of cases that should not be carried as active cases," *id.* at 179-80, 870 P.2d at 141-42, not to "penalize plaintiffs . . . who have lax attorneys." *Id.* at 180, 870 P.2d at 142. Furthermore, we observed that the good cause requirement for reinstatement "should be construed liberally." *Id.*

As in *Vigil*, the district court appears to have based its ruling on an incorrect standard of law. In rendering its oral decision, the district court concentrated on the fact that Plaintiff had not "taken any significant action to bring this matter to completion." This language echoes that found in Rule 1-041(E)(1), and sets forth the standard applicable to a motion to dismiss for failure to prosecute. As *Vigil* makes clear, the standard for a motion to reinstate is different. To the extent that the written order was based on the standard articulated by the district court in its oral ruling, it was based on an incorrect standard of law and was therefore an abuse of discretion.

To the extent that the district court's order may have been based on the correct legal standard, the order was "clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims*, 1996-NMSC-078, ¶ 65. Defendant does not appear to argue that Plaintiff was not "ready, willing, and able to proceed." Indeed, this argument would be difficult given that Plaintiff stated below that "[d]iscovery in the form of interrogatories and requests for production has been performed extensively," that "[t]he only discovery remaining is the deposition of the two main [D]efendants," and that Plaintiff requested as relief "that depositions be taken and this case be set for trial."

Defendants instead appear to argue that the delay was not wholly without justification. The basis of this argument is that there were steps Plaintiff could have

5

taken but did not and that, once it became obvious that counsel for Defendants would not return her phone calls, Plaintiff was obligated to take one or more of these steps. This argument confuses the standard for dismissal with the standard for reinstatement. As reasons for her delay, Plaintiff stated that she had repeatedly made phone calls to defense counsel which went unreturned. Plaintiff maintained that she had delayed asking for trial out of a desire to avoid the costs of litigation and out of her belief, allegedly induced by representations made to her by defense counsel's firm, that counsel for defense was simply busy and would eventually get back to her. Under these circumstances, to the extent that the district court implicitly found either that Plaintiff was not ready, willing, and able to proceed or that the delay in this case was without justification, its conclusions were contrary to the logical conclusions demanded by the facts and circumstances of the case.

**III.   CONCLUSION**

The district court's order is reversed. We remand with directions to set aside the order of dismissal and to reinstate the case on the court's docket for further proceedings consistent with this Opinion.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

6

**WE CONCUR:**

_____

**LINDA M. VANZI, Judge**

_____

**TIMOTHY L. GARCIA, Judge**