This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DONNA R. VARELA and**
**TORIBIO MARTINEZ, JR.,**

    Plaintiffs-Appellants,

v.                                                                           **NO. 32,978**

**SUSANO ORTIZ and his wife**
**LORENA ORTIZ,**

    Defendants-Appellees.


**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**John M. Paternoster, District Judge**

Everett Law
Peter Everett IV
Albuquerque, NM

for Appellants

Will Ferguson & Associates
Robert M. Ortiz
Albuquerque

for Appellees

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Plaintiffs appeal from the district court's order dismissing their case without prejudice, contending that it was an abuse of discretion for the district court to dismiss in light of their counsel's unexpected medical problems. This Court issued a calendar notice proposing to affirm. Plaintiffs have filed a memorandum in opposition to this Court's notice of proposed disposition.  Having given due consideration to Plaintiffs' arguments, we affirm.

{2}     In this Court's calendar notice, we noted that "[i]t is within a trial judge's inherent power to dismiss a cause of action for failure to prosecute, independent of any statutory authority," and that we review such decisions for an abuse of discretion. [CN 2 (citing *Cottonwood Enters. v. McAlpin*, 1989-NMSC-064, ¶ 13, 109 N.M. 78, 781 P.2d 1156)] This Court then recounted the numerous delays and continuances in discovery and depositions in this case, since the Plaintiffs filed their complaint in early 2009. We noted the district court's finding that Plaintiffs' counsel had significant medical conditions that had "rendered him functionally incapable of actively and consistently participating in this case," [CN 5 (citing RP 295)] and proposed to conclude that "[t]here comes a point . . . where the sued Defendants are prejudiced by delays in the prosecution no matter what the reason." [CN 6]

**{3}** Plaintiffs appear to challenge this Court's reliance on the district court's inherent authority to dismiss their case, by citing to *Summit Electric Supply Co. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶ 15, 148 N.M. 590, 241 P.3d 188, for the proposition that "in *Jimenez v. Walgreens Payless*, [1987-NMSC-082, ¶ 10, 106 N.M. 256, 741 P.2d 1377] our Supreme Court held that district courts do not possess inherent power to dismiss for failure to prosecute, independent of a statute or rule." We note, however, that the holding in *Jimenez* was premised on the district court's failure to follow its own rules governing dismissal of cases. 1987-NMSC-082, ¶ 10. *Summit* acknowledges this distinction through its reliance on *Vigil v. Thriftway Marketing Corp.*, 1994-NMCA-009, ¶ 12, 117 N.M. 176, 870 P.2d 138. In *Vigil*, our Supreme Court clearly stated, "Where a rule of civil procedure addresses the specific situation before a court, a trial judge is not free to ignore the dictates of the rule and rely instead on inherent authority."

**{4}** We understand Plaintiffs to argue that the district court could not rely on its inherent authority to dismiss, because Rule 1-041(E)(2) NMRA governed its actions. [MIO 6-7] However, Rule 1-041(E)(2) does not apply where "a pretrial scheduling order has been entered pursuant to Rule 1-016 NMRA," and a pretrial scheduling order was entered in this case on March 8, 2010. [RP 37-39] Moreover, as Plaintiffs acknowledge and as we recognized in our notice of proposed disposition, the district

court did not reference a particular rule of civil procedure in support of its dismissal of the case without prejudice. [CN 2; MIO 4] Where "the trial court did not state by what authority it was dismissing the case, we will assume it was doing so pursuant to its inherent authority." *Mora v. Hunick*, 1983-NMCA-127, ¶ 13, 100 N.M. 466, 672 P.2d 295. And, importantly, the circumstances presented by this case are not a simple lack of prosecution, but also a failure to comply with the discovery orders of the district court. As Plaintiffs have not directed this Court to a rule covering this specific circumstance, we conclude that the district court was not precluded from exercising its inherent authority to dismiss.

{5}     Plaintiffs also argue that the district court abused its discretion by not considering all of the circumstances. [MIO 12 (citing *Dunham-Bush, Inc. v. Palkovic*, 1973-NMSC-012, ¶ 12, 84 N.M. 547, 505 P.2d 1223, for the proposition that discretion is abused "when the court exceeds the bounds of reason, all the circumstances before it being considered" (internal quotation marks and citation omitted))]. However, to the extent Plaintiffs have responded to this Court's notice of proposed disposition by pointing to a number of facts regarding their counsel's condition that do not appear to have been before the district court, the "reference to facts not before the district court and not in the record is inappropriate and a violation of our Rules of Appellate Procedure." *Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145

4

N.M. 694, 204 P.3d 19. And, this Court will not consider a party's new factual assertions on appeal. *See id.* Plaintiffs do not demonstrate how the district court abused its discretion in dismissing their case based on the information that was before it. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{6}      Finally, Plaintiffs argue that the district court abused its discretion in not holding a hearing prior to dismissing their case without prejudice. To the extent Plaintiffs cite to language in *Summit* indicating that the district court should have held a hearing prior to dismissal [MIO 6], *Summit* analyzed the district court's actions under Rule 1-041(E). 2010-NMCA-086, ¶ 7. Conversely, our Supreme Court has held that Rule 1-041(B) NMRA "does not require notice and a hearing prior to dismissal." *Lowery v. Atterbury*, 1992-NMSC-001, ¶ 8, 113 N.M. 71, 823 P.2d 313; *see also* Rule 1-041(B) ("For failure of the plaintiff to prosecute or to comply with these rules *or any order of court*, a defendant may move for dismissal of an action or of any claim against the defendant." (emphasis added)). Given that Plaintiffs do not direct this Court to any authority that requires a hearing be held prior to the district court's dismissal of a case for failure to comply with its orders, we assume no such authority

exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (providing that where a party cites no authority to support an argument, we may assume no such authority exists).

{7}     For the reasons stated above and in this Court's notice of proposed disposition, we affirm.

{8}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**M. MONICA ZAMORA, Judge**