**Certiorari Denied, August 27, 2010, No. 32,540**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-086**

**Filing Date:  July 8, 2010**

**Docket No. 28,284**

**SUMMIT ELECTRIC SUPPLY**
**COMPANY, INC. and**
**SE TECHNOLOGIES, INC.,**

   **Plaintiffs-Appellants,**

**v.**

**RHODES & SALMON, P.C.,**

   **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Richard J. Knowles, District Judge**

Foster, Rieder & Jackson, P.C.
J. Douglas Foster
Travis G. Jackson
Albuquerque, NM

for Appellants

Law Office Briggs F. Cheney
Briggs F. Cheney
Jaime L. Dawes
Albuquerque, NM

for Appellee

**OPINION**

**ROBLES, Judge.**

1

**{1}** Summit Electric Supply Company, Inc. (Summit) and SE Technologies, Inc. (SE) (collectively, Plaintiffs) appeal the district court's dismissal for failure to prosecute pursuant to Rule 1-041(E) NMRA. After review, we reverse the district court.

## I. BACKGROUND

**{2}** Plaintiffs, represented by the same attorney, filed a complaint on July 18, 2002. The record reveals that Plaintiffs pursued their claim for nearly a year before SE filed for bankruptcy in federal court on June 27, 2003 and notified the district court of the bankruptcy action on July 8, 2003. Rhodes & Salmon, P.C. (Defendant) filed a motion, arguing that the bankruptcy proceeding automatically stayed the case as to both Plaintiffs and, in the alternative, requested that if the district court were to hold that the bankruptcy proceeding did not stay the case as to Summit, that the district court certify interlocutory appeal as to the issue. Summit filed a brief in opposition to certification for interlocutory appeal, arguing, inter alia, that the case was not automatically stayed. The district court set a hearing on the issue for November 13, 2003. The day before the hearing, Plaintiffs' counsel filed a motion to vacate the hearing because SE had asserted a claim against Summit in the bankruptcy proceedings and claimed sole ownership of the legal malpractice claim against Defendant. From Plaintiffs' counsel's perspective, he was uncertain whether he could represent both Plaintiffs in the claim asserted in this action if they were adversarial in satellite litigation, which concerned ownership of this claim. In his motion to vacate, Plaintiffs' counsel stated: "Unless and until the bankruptcy court approves the undersigned to act as counsel for [both Plaintiffs] in these proceedings, counsel may not proceed further."

**{3}** No further action took place on this case in state court for two years and six months. The district judge presiding over this case retired, and the cause was assigned to a new district judge. On May 23, 2006, in an apparent effort to manage its docket, the district court entered an order on its own motion, which stated, in pertinent part:

> [T]he [c]ourt[,] having been advised that a bankruptcy petition has been filed[, orders] that this case is closed as to all pending claims. No reopen fee shall be required if the movant seeks reinstatement within sixty days after termination of the bankruptcy stay. Movant shall comply with [Local Rule] 2-301.

**{4}** One year later, on May 25, 2007, Plaintiffs filed a motion to reinstate the action. Their motion stated that the bankruptcy proceedings had concluded on May 16, 2007 in Connecticut, and a settlement had been reached between Plaintiffs under which both Summit and SE would be pursuing the claims in this case. Attached to the motion was an order from the federal bankruptcy court approving the settlement, as well as a request for a trial setting in accordance with Rule 1-016 NMRA (outlining the procedures for pretrial conferences, scheduling, and management); Local Rule 2-125(A) NMRA ("[A]ny party may request a trial by filing a request for hearing with the clerk."); Local Rule 2-130 NMRA ("Cases and parts of cases closed for lack of prosecution shall be reinstated only by court order to

reinstate upon agreement of the parties or good cause shown."); and Local Rule 2-301(B) NMRA ("A party seeking to reinstate a case pursuant to Rule 1-041(E)(2) . . . shall attach a copy of a proposed pretrial scheduling order to the motion to reinstate."). In response, Defendant filed a motion to dismiss the suit for failure to prosecute in accordance with Rule 1-041(E)(1). Defendant argued that more than two years had passed from filing the action, and Plaintiffs had failed to take significant action to bring the case to final disposition. Following a hearing and a subsequent motion for reconsideration, the district court granted Defendant's motion to dismiss and denied Plaintiffs' motion for reconsideration. This appeal followed.

## II.    DISCUSSION

**{5}**    The question in the instant case is whether the district court's order correctly denied Plaintiffs' motion to reinstate and correctly granted Defendant's motion to dismiss. Rule 1-041(E) states:

> (1)    Any party may move to dismiss the action, or any counterclaim, cross-claim or third-party claim with prejudice if the party asserting the claim has failed to take any significant action to bring such claim to trial or other final disposition within two (2) years from the filing of such action or claim. An action or claim shall not be dismissed if the party opposing the motion is in compliance with an order entered pursuant to Rule 1-016 . . . or with any written stipulation approved by the court.
>
> (2)    Unless a pretrial scheduling order has been entered pursuant to Rule 1-016 . . . , the court on its own motion or upon the motion of a party may dismiss without prejudice the action or any counterclaim, cross-claim or third[-]party claim if the party filing the action or asserting the claim has failed to take any significant action in connection with the action or claim within the previous one hundred and eighty (180) days. A copy of the order of dismissal shall be forthwith mailed by the court to all parties of record in the case. Within thirty (30) days after service of the order of dismissal, any party may move for reinstatement of the case. Upon good cause shown, the court shall reinstate the case and shall enter a pretrial scheduling order pursuant to Rule 1-016 . . . . At least twice during each calendar year, the court shall review all actions governed by this paragraph.

**{6}**    District courts have discretion in determining whether to dismiss a case for inactivity, and their decisions shall be reversed if they abuse their discretion. *N.M. Water Quality Control Comm'n v. Emerald Corp.*, 113 N.M. 144, 146, 823 P.2d 944, 946 (Ct. App. 1991). Discretion is abused "when the court exceeds the bounds of reason, all the circumstances before it being considered." *Dunham-Bush, Inc. v. Palkovic*, 84 N.M. 547, 550, 505 P.2d 1223, 1226 (1973) (internal quotation marks and citation omitted). "[W]e make no attempt to fix a standard of what action is sufficient to satisfy the requirement of the rule, for each

3

case must be determined upon its own particular facts and circumstances." *Martin v. Leonard Motor-El Paso*, 75 N.M. 219, 222, 402 P.2d 954, 956-57 (1965).

## A.    Plaintiffs' Motion to Reinstate Under Rule 1-041(E)(2)

**{7}**    On May 23, 2006, the district court on its own motion "closed" the instant case. We conclude that the only way the district court may have closed the case on its own motion for inactivity would be pursuant to Rule 1-041(E)(2). Likewise, it appears that the district court believed it was acting pursuant to Rule 1-041(E)(2) because it stated in its order that the "[m]ovant shall comply with . . . LR2-301." LR2-301(B) provides that "[a] party seeking to reinstate a case pursuant to Rule 1-041(E)(2) . . . shall attach a copy of a proposed pretrial scheduling order to the motion to reinstate." Rule 1-041(E)(2) provides that a district court that dismisses a case on its own motion following a 180-day period of inactivity should reinstate the case if good cause is shown for the inactivity. We have previously held that the "good cause" required for reinstatement of a case after dismissal without notice following a relatively short period of time should be construed liberally. *Vigil v. Thriftway Mktg. Corp.*, 117 N.M. 176, 179-80, 870 P.2d 138, 141-42 (Ct. App. 1994).

> To show good cause, the party filing the motion to defer dismissal must demonstrate to the court that he is ready, willing, and able to proceed with the prosecution of his claim and that the delay in prosecution is not wholly without justification. If the party makes this showing, the court should regard the case as viable and defer dismissal.

*Id.* at 180, 870 P.2d at 142 (citing *Powell v. Gutierrez*, 529 A.2d 352, 355 (Md. 1987) (internal quotation marks omitted)). This Court concluded that the concern for judicial efficiency should not eclipse the ultimate goal of our justice system, which is to provide fair resolutions on the merits of claims brought before our courts. *Id.*

**{8}**    We observe two points. First, Plaintiffs' efforts to determine appropriate counsel and prosecuting party is a good cause not wholly without justification. *See Vigil*, 117 N.M. at 178, 180, 870 P.2d at 140, 142 (finding a good cause justification where counsel waited to see if his client's new symptoms were related to an accident, which was the subject of a suit). Second, Plaintiffs' efforts to pursue this claim by filing a motion to reinstate and a request for a trial setting within nine days of conclusion of the bankruptcy proceedings demonstrates willingness, ability, and readiness to pursue this action. *See id.* (requesting a trial setting on the merits demonstrated pursuit of the case). In short, Plaintiffs demonstrated good cause.

**{9}**    "Abuse of discretion has been found where dismissal results in an injustice and special circumstances impeded [a] plaintiff's prosecution of his claim, or where a claim is being pursued actively after a prior lapse in activity." *Sewell v. Wilson*, 97 N.M. 523, 530, 641 P.2d 1070, 1077 (Ct. App. 1982). A district court must use its discretion in harmony with the spirit of the law, which is served by giving litigants a chance to be heard when possible. *Id.* at 531, 641 P.2d at 1078. We conclude that, under Rule 1-041(E)(2), it was an

4

abuse of discretion for the district court not to reinstate this case for the good cause shown. Rule 1-041(E)(2) is designed to allow district courts "to clear deadwood from the docket," not to penalize the plaintiffs who are attempting to bring a case to final determination and have demonstrated the viability of the action. *Vigil*, 117 N.M. at 180, 870 P.2d at 142 ("Nevertheless, our concern with expeditious case management should not blind us to the true goal of our system, which is to provide a fair determination of legitimate issues brought before us." (internal quotation marks and citation omitted)).

**B.      Defendant's Motion to Dismiss Under Rule 1-041(E)(1)**

**{10}**      Having concluded that the district court should have reinstated this case, we turn our attention to whether it was error to dismiss the case for failure to prosecute. Defendant urges affirmance under Rule 1-041(E)(1) by citing to the test first introduced in *State ex rel. Reynolds v. Molybdenum Corp. of America*, 83 N.M. 690, 697, 496 P.2d 1086, 1093 (1972). At the time that case was decided, the applicable rule allowed for three years of inactivity before a party could move to dismiss an action for failure to prosecute. *Id.* at 692-93, 496 P.2d at 1088-89. The defendant in that case moved to dismiss three years to the day for failure to prosecute. *Id.* at 691, 496 P.2d at 1087. Our Supreme Court, in examining the specific facts of that case, fashioned a two-pronged test, which required district courts to first determine "upon the basis of the court record and the matters presented at the hearing, whether such action has been timely taken by the plaintiff, the cross-claimant or the counter-claimant against whom the motion is directed." *Id.* at 697, 496 P.2d at 1093. If it is determined that action was not "timely taken," then the district court should consider the second prong, which asks "whether [the party against whom the motion is directed] has been excusably prevented from taking such action." *Id.* A reviewing court will uphold a district court's analysis except in cases where discretion had been abused. *Id.*

**{11}**      Defendant argues that under the first prong of the *Reynolds* test, no action was taken to bring this case to a final determination between November 2003 and May 2007. They also argue that there is no authority that actions in another proceeding, such as the federal bankruptcy court, may constitute activity in this case sufficient to make a Rule 1-041(E)(1) dismissal inappropriate. Under the second prong, Defendant states that no valid excuse exists for Plaintiffs' failure to pursue their claims during the period of inactivity. Conversely, Plaintiffs argue, under the first prong of the *Reynolds* test, that they (1) took timely action to prosecute the case through their necessary involvement in the bankruptcy proceeding and (2) timely moved to have this case reinstated prior to Defendant's motion to dismiss. We conclude that Plaintiffs' second argument under the first prong is dispositive and, therefore, do not consider whether the satellite litigation merits timely action, or whether Plaintiffs were excusably prevented from taking timely action.

**{12}**      In *Martin*, our Supreme Court held that a moving party must elect to invoke their right to compel a dismissal, which is manifested by filing a motion to dismiss. 75 N.M. at 222, 402 P.2d at 956. There, the plaintiff's action of requesting that the case be set for trial on the merits occurred more than the provided two years after filing the complaint, but

5

before the defendant's motion to dismiss. *Id.* In analyzing dismissal for failure to prosecute, the court noted that if "the requisite action is taken to bring the case to its final determination, Rule [1-041(E)] is satisfied." *Martin*, 75 N.M. at 222, 402 P.2d at 956. The filing of a motion for a trial setting on the merits amounted to action by the plaintiff to bring the case to its final determination and, moreover, because the action came before the defendant elected to invoke his right to dismissal, the court concluded that the plaintiff had satisfied the rule. *Id.* at 223, 402 P.2d at 957; *cf. Stoll v. Dow*, 105 N.M. 316, 319, 731 P.2d 1360, 1362 (Ct. App. 1986) (affirming dismissal for failure to prosecute where the plaintiff requested a setting for trial, but took no further action for eleven years until the defendant moved to dismiss).

**{13}** New Mexico cases have previously declined to outline precisely what action is sufficient to satisfy Rule 1-041(E)(1). *See Martin*, 75 N.M. at 222-23, 402 P.2d at 956-57; *Sewell*, 97 N.M. at 527, 641 P.2d at 1074. However, a plaintiff's filing of a request for a trial setting before a defendant's filing of a motion to dismiss has been consistently viewed as a good faith action to prosecute a case. *See Cottonwood Enters. v. McAlpin*, 109 N.M. 78, 80, 781 P.2d 1156, 1158 (1989) (holding that the defendants sat on their rights by waiting to file their motion to dismiss until after the plaintiff had moved for a trial setting because Rule 1-041(E) is not self-executing and requires the timely filing of a motion for its operation); *Found. Reserve Ins. Co. v. Johnston Testers, Inc.*, 77 N.M. 207, 209, 421 P.2d 123, 124 (1966) (finding that a letter authored by a district court that acknowledged a plaintiff's request to set a case for trial filed in the record before the filing of a motion to dismiss for failure to prosecute demonstrated "a good-faith attempt had been made to obtain a setting," and satisfied the requirement that action be taken to bring a case to a final determination); *Procter v. Fez Club*, 76 N.M. 241, 241, 414 P.2d 219, 219 (1966) ("[The p]laintiffs' motion to set the case for trial, made prior to [the] defendant's motion to dismiss, prevents a dismissal under Rule [1-041(E)].").

**{14}** Reviewing courts have found an abuse of discretion in cases where dismissal resulted in an injustice when special circumstances impeded a plaintiff's prosecution of his claim, or where a claim has been pursued actively after a prior lapse in activity. *Sewell*, 97 N.M. at 530, 641 P.2d at 1077. Rule 1-041(E) "is intended to promote judicial efficiency and to conclude stale cases, but it should not be applied in complete disregard of this [C]ourt's often stated concerns for the rights of litigants to have their day in court and their cases decided on the merits and not on trivial technicalities." *Sewell*, 97 N.M. at 530, 641 P.2d at 1077 (internal quotation marks and citation omitted). In light of the policies behind Rule 1-041(E) and the facts of this case, we conclude that dismissal of Plaintiffs' case with prejudice amounted to an abuse of discretion.

## C.    Inherent Authority of the District Court

**{15}** As a final matter, Defendant makes the argument that this Court should affirm the district court by arguing that "[c]ourts have inherent power to dismiss a cause of action for failure of prosecution" and that "[a] court's dismissal of a case pursuant to this inherent

6

power [should] not be overturned on appeal absent an abuse of discretion." However, in *Jimenez v. Walgreens Payless*, our Supreme Court held that district courts do not possess inherent power to dismiss for failure to prosecute, independent of a statute or rule. 106 N.M. 256, 259, 741 P.2d 1377, 1380 (1987); *Vigil*, 117 N.M. at 179, 870 P.2d at 141 ("Where a rule of civil procedure addresses the specific situation before a court, a trial judge is not free to ignore the dictates of the rule and rely instead on inherent authority."). Additionally, upon review of the district court's order, we are not convinced that the district court was relying on inherent authority independent of Rule 1-041(E)(1). Regardless, in light of Plaintiffs' good faith efforts to bring the cause to a final determination before Defendant's motion to dismiss, we conclude that the exercise of a district court's inherent authority to dismiss, if it occurred, would have been an abuse of discretion.

## III.  CONCLUSION

{16}    The district court's order is reversed. We remand with directions to set aside the order of dismissal and to reinstate the case on the court's docket for further proceedings consistent with this Opinion.

{17}   **IT IS SO ORDERED.**

_____
**ROBERT E. ROBLES, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**MICHAEL E. VIGIL, Judge**

**Topic Index for *Summit Elec. Supply Co., Inc. v. Rhodes & Salmon, P.C.*, Docket No. 28,284**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-IA | Interlocutory Appeal |
| | |
| **CP** | **CIVIL PROCEDURE** |
| CP-DS | Dismissal |
| CP-FP | Failure to Prosecute |
| CP-RN | Reinstatement |
| CP-SG | Stay of Proceedings |
| | |
| **CU** | **COURTS** |

CU-IP                Inherent Powers

**FL**               **FEDERAL LAW**
FL-BR                Bankruptcy