This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BRITTANY DICKEY,**

Plaintiff-Appellant,

**v.**                                                        **No. 31,527**

**GENERAL GROWTH PROPERTIES,**
**INC., a New Mexico Corporation, and**
**DALE ERVIN, JR. d/b/a PRIMITIVE**
**FEAR,**

Defendants-Appellees.

**APPEAL FROM DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

Mel B. O'Reilly
Albuquerque, NM

for Appellant

Beall & Biehler
Peter Grueninger
Josh A. Harris
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

**INTRODUCTION**

Plaintiff Brittany Dickey appeals the district court's dismissal of her personal injury action. On December 16, 2011, this Court filed a notice of proposed summary disposition proposing to reverse. Defendants filed a memorandum in opposition, which we have duly considered. We reverse the district court and remand for further proceedings.

**BACKGROUND**

Plaintiff filed a personal injury action in district court on October 31, 2006. [RP 1] At the time Defendants filed their motion to dismiss on March 31, 2011, Plaintiff's action had been pending for four years and five months. [RP 181] In February 2008 the district court had entered a pretrial order pursuant to Rule 1-016 NMRA with a trial setting for December 2008 and a June 2008 deadline by which Plaintiff was supposed to disclose her expert witness. [RP 105-07] Plaintiff failed to do so, blaming the lapse in part on her absence from the country for part of the time. [RP 129-30] Defendants moved to dismiss based on Plaintiff's violation of the pretrial order. [RP 111-15] On September 22, 2008, the district court denied the motion to dismiss, ordered Plaintiff to disclose her expert within sixty days, reset the

trial date from December 2008 to March 2009, and ordered Plaintiff to pay Defendants' attorney fees incurred in moving to dismiss. [RP 158-59] The March 2009 trial setting was subsequently vacated, apparently due to judge reassignments. [RP 173] Defendants filed for bankruptcy, and an automatic stay of the present action was entered in April 2009. [RP 178] The stay was lifted in November 2010. [RP 182] On March 31, 2011, about five months after the stay was lifted, Defendants moved to dismiss for lack of prosecution under Rule 1-041(B). [RP 181-83] In response, Plaintiff, who had taken no action during the five months after the stay was lifted, immediately requested a pretrial conference. [RP 187] On July 8, 2011, the district court granted Defendants' motion to dismiss with prejudice pursuant to Rule 1-041(B). [RP 204]

**DISCUSSION**

As applicable to this action, Rule 1-041(B) states:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this paragraph . . . operates as an adjudication upon the merits.

Rule 1-041(E)(1) NMRA provides:

> Any party may move to dismiss the action, or any counterclaim, cross-claim or third-party claim with prejudice if the party asserting the claim has failed to take any significant action to bring such claim to trial or other final disposition within two (2) years from the filing of such

3

action or claim. An action or claim shall not be dismissed if the party opposing the motion is in compliance with an order entered pursuant to Rule 1-016 NMRA or with any written stipulation approved by the court.

Defendants argue that this Court's proposed reversal does not adequately defer to the district court. [MIO 3] "District courts have discretion in determining whether to dismiss a case for inactivity, and their decisions shall be reversed if they abuse their discretion." *Summit Elec. Supply Co. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶ 6, 148 N.M. 590, 241 P.3d 188. "Discretion is abused when the court exceeds the bounds of reason, all the circumstances before it being considered." *Id.* (internal quotation marks and citation omitted). "[W]e make no attempt to fix a standard of what action is sufficient to satisfy the requirement of the rule, for each case must be determined upon its own particular facts and circumstances." *Martin v. Leonard Motor-El Paso*, 75 N.M. 219, 222, 402 P.2d 954, 956-57 (1965). "A Rule 1-041(B) dismissal with prejudice, being a drastic sanction, should be used sparingly." *Gila Res. Info. Project v. N.M. Water Quality Control Comm'n,* 2005-NMCA-139, ¶ 40, 138 N.M. 625, 124 P.3d 1164 (internal quotation marks and citation omitted). "Dismissals under [former] Rule 41(B) are limited to instances where the plaintiff's conduct warranting dismissal is extreme." *Id.* (internal quotation marks and citations omitted).

In reviewing the course of events in this case, we consider both the two-year-and-five-month period between the time Plaintiff filed the case in October 2006 and

4

Defendants filing for bankruptcy in April 2009, and the five-month period between the lifting of the bankruptcy stay on November 8, 2010, and the filing of Defendants' motion to dismiss on March 31, 2011. Although Defendants brought their March 31, 2011, motion to dismiss and the district court granted it pursuant to Rule 1-041(B), we observe that at no point in the course of events did the circumstances satisfy the requirements of Rule 1-041(E), which allow a defendant to move to dismiss with prejudice if the plaintiff "has failed to take any significant action to bring such claim to trial or other final disposition within two (2) years from the filing of such action."

In their motion to dismiss, Defendants correctly asserted that Plaintiff's last action in the case was in November 2008. [RP 181] That fact is not as probative of a failure to prosecute the action as it might seem on its face. In November 2008, the December 2008 trial setting had already been vacated. [RP 159] Shortly thereafter, the case was reassigned to a different judge, whom Defendants excused, requiring another reassignment. [RP 173-74] And shortly after that, Defendants filed for bankruptcy, staying the case for over a year and a half. Given this series of events, we fail to see any particular actions Plaintiff should have taken between November 2008 and the lifting of the bankruptcy stay in November 2010.

Defendants' memo in opposition makes two arguments concerning the bankruptcy stay. They point out that Plaintiff never filed a motion in bankruptcy court

5

to lift the stay to an extent that her New Mexico action could proceed, which she could have done at any time during the approximately nineteen-month duration of the stay. [MIO 3-4 ¶ 5; RP 197-98] While Plaintiff apparently could have done so, nothing in the record supports a conclusion that her failure to file such a motion caused undue delay in the present case, and we decline to speculate as to whether she should have moved to lift the stay.

Defendants also point out that Plaintiff took no action in her case for five months after the stay was lifted, and then acted only after Defendants filed their motion to dismiss. [MIO 5 ¶ 6] This inaction, however, must be considered in the context of previous events. As noted above, Defendants had previously moved for dismissal on August 1, 2008, based on Plaintiff's failure to timely disclose her expert witness. [RP 111-22] As also noted above, the district court denied the motion to dismiss and ordered, among other things, that Plaintiff pay Defendants' attorney fees incurred in moving to dismiss. [RP 158-59] Thus, when Defendants again moved to dismiss on March 31, 2011, the district court had already addressed Plaintiff's violation of the expert disclosure deadline, and had imposed the attorney fee sanction. The record does not reveal any subsequent failures on the part of Plaintiff to abide by a court order. The district court (now with a different judge) was faced only with an arguably dilatory failure of Plaintiff to take some further action over the preceding

6

five months to move her case forward. Although the district court, in considering the March 2011 motion to dismiss, presumably was permitted to consider the cumulative effect of this new five-month delay combined with the previous purported delays, we conclude that Plaintiff's conduct in allowing this additional five months to pass was not so extreme as to warrant dismissal with prejudice. As we observed in our notice of proposed summary disposition, Rule 1-041(E)(2) provides that "if the party filing the action . . . has failed to take any significant action in connection with the action or claim within the previous one hundred and eighty (180) days," the district court may dismiss the action without prejudice on its own or a party's motion. This suggests that the courts are expected to tolerate periods of inactivity on the order of six months, and even then the dismissal is without prejudice. Accordingly, we conclude that the district court abused its discretion in these circumstances.

**CONCLUSION**

For the reasons stated above and in our notice of proposed summary disposition, we reverse the district court and remand for further proceedings.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**


_____

**TIMOTHY L. GARCIA, Judge**