This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LEONARD OLMSTED,**

Plaintiff-Appellant,

v.                                                                                    **NO. 31,131**

**SAN MIGUEL HOSPITAL CORPORATION, d/b/a**
**NORTHEASTERN REGIONAL HOSPITAL,**
**WILLIAM CHAFFEE, MICHAEL GALLEGOS,**
**JOSE TITO CHAVEZ, KEITH TUCKER,**
**C.K. HALVERSON, NANCY DRONEN,**
**G. MICHAEL LOPEZ, RUTH D. MARES,**
**RICHARD GROGAN, JENNIFER TOWNSEND,**
**KINGSLEY OZOUDE, FRANKLIN MILLER,**
**TIM HOWARD, ROBBY DANIEL, JOHN DOE,**
**and JANE DOE,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SOCORRO COUNTY**
**Edmund H. Kase III, District Judge**

Brannen Law, LLC
Daniel E. Brannen Jr.
Santa Fe, NM

for Appellant

Montgomery & Andrews, P.A.
Walter J. Melendres

Andrew S. Montgomery
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Plaintiff appeals from an order of the district court dismissing his amended complaint with prejudice under Rule 1-041(E) NMRA, for failure to prosecute. We affirm.

**BACKGROUND**

Plaintiff filed a complaint on January 25, 2007, but never served any Defendants. The amended complaint was filed on September 11, 2007, and seven out of fifteen named Defendants were served. These seven Defendants answered on December 21, 2007, and, on January 4, 2008, Defendant San Miguel Hospital Corporation filed a demand for trial by jury. On July 31, 2008, over ten months after the amended complaint was filed, the district court entered, sua sponte, an order of dismissal pursuant to Rule 1-041(E)(2). The order was apparently not served on Plaintiff or any Defendant. Approximately eighteen months later, on February 11, 2010, Plaintiff filed a "Request to Reopen Case," followed by a "Request to Reopen

2

Cause" filed on February 16, 2010. Neither pleading was served on Defendants. In pertinent part, Plaintiff stated:

> I am told that the case was dismissed in July 2008. At which time I was very sick from the effects of surgery for a strangulated internal hernia. I have since recovered. I received no notice that the case was about to be dismissed, nor notice that the case had been dismissed. In November 2009 the lawyer who helped me with this case suggested that I file a motion for mediation. After some delay caused by work overload and bad weather I have done so; but have discovered that the case was dismissed in July 2008 at a time when I was sick, and without any notice to me as far as I know.

Plaintiff also filed a "Motion for Mediation" on February 18, 2010, requesting that "before the Court hears this case that the case be subjected to mediation." The district court then filed an order, apparently prepared by Plaintiff, on February 18, 2010, reinstating the case and further ordering "that the case be subjected to mediation."

Plaintiff took no action to bring the case to mediation. Instead, Plaintiff filed a motion for default judgment on November 4, 2010. Defendants responded to this motion on November 19, 2010, and on November 23, 2010, Defendants filed a motion to dismiss with prejudice for failure to prosecute pursuant to Rule 1-041(E). In this pleading, Defendants' attorney stated, "In a recent telephone conversation with undersigned counsel, Plaintiff did state what he 'wanted' but this was not interpreted as a settlement negotiation, especially since undersigned counsel had no authority to

3

'negotiate' anything." Plaintiff responded to the motion to dismiss on December 27, 2010, and Defendants replied on January 11, 2011. On February 7, 2011, the district court granted Defendants' motion, and dismissed the case with prejudice. Plaintiff appeals.

**DISCUSSION**

**A.  Standard of Review**

This case involves dismissal of Plaintiff's claims under Rule 1-041(E). In its entirety the rule states:

E.  Dismissal of action with and without prejudice.

(1)  Any party may move to dismiss the action, or any counterclaim, cross-claim or third-party claim with prejudice if the party asserting the claim has failed to take any significant action to bring such claim to trial or other final disposition within two (2) years from the filing of such action or claim. An action or claim shall not be dismissed if the party opposing the motion is in compliance with an order entered pursuant to Rule 1-016 NMRA or with any written stipulation approved by the court.

(2)  Unless a pretrial scheduling order has been entered pursuant to Rule 1-016 NMRA, the court on its own motion or upon the motion of a party may dismiss without prejudice the action or any counterclaim, cross-claim or third party claim if the party filing the action or asserting the claim has failed to take any significant action in connection with the action or claim within the previous one hundred and eighty (180) days. A copy of the order of dismissal shall be forthwith mailed by the court to all parties of record in the case. Within thirty (30) days after service

4

of the order of dismissal, any party may move for reinstatement of the case. Upon good cause shown, the court shall reinstate the case and shall enter a pretrial scheduling order pursuant to Rule 1-016 NMRA. At least twice during each calendar year, the court shall review all actions governed by this paragraph.

The proper interpretation of this rule is a question of law that we review de novo. *Allen v. LeMaster*, 2012-NMSC-001, ¶ 11, 267 P.3d 806. "When construing our procedural rules, we use the same rules of construction applicable to the interpretation of statutes. We first look to the language of the rule. If the rule is unambiguous, we give effect to its language and refrain from further interpretation." *Id.* (internal quotation marks and citations omitted).

A district court has discretion to dismiss a case for lack of prosecution under Rule 1-041(E), and reversal is proper if the district court abuses its discretion. *Summit Elec. Supply Co. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶ 6, 148 N.M. 590, 241 P.3d 188, *cert. denied*, 2010-NMCERT-008, 148 N.M. 942, 242 P.3d 1288. "Discretion is abused when the court exceeds the bounds of reason, all the circumstances before it being considered." *Id.* (internal quotation marks and citation omitted).

With the language of the rule before us, and keeping in mind our standard of review, we address Plaintiff's arguments.

**B.    Tolling**

First, Plaintiff asserts that dismissal with prejudice was improper under Rule 1-041(E)(1) because at the time Defendants filed the motion to dismiss, two years had not elapsed.  Plaintiff comes to this conclusion by arguing that the time in which the case was dismissed without prejudice under Rule 1-041(E)(2) (i.e., from July 31, 2008 through February 18, 2010), does not count toward the two-year period, because the two-year period is "tolled" during the time the case is dismissed.  While making this argument on appeal, Plaintiff concedes that this argument was not made in the district court.  We therefore agree with Defendants that this argument was not preserved for our review.  *See* Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]"); *Rio Grande Kennel Club v. City of Albuquerque*, 2008-NMCA-093, ¶ 13, 144 N.M. 636, 190 P.3d 1131 ("[W]e conclude that [the p]laintiffs failed to preserve the issue regarding amendment of their complaint because they did not invoke a ruling from the district court on that issue.").

Plaintiff asserts that the issue was preserved under *Weststar Mortgage Corp. v. Jackson*, 2002-NMCA-009, ¶ 50, 131 N.M. 493, 39 P.3d 710 (concluding that plaintiff's argument on appeal that post-judgment interest is mandatory was

adequately preserved when plaintiff argued in the district court that a case barring pre-judgment interest on punitive damages did not apply because pre- and post-judgment interest are different), *rev'd on other grounds by* 2003-NMSC-002, 133 N.M. 114, 61 P.3d 823. We are not convinced. In response to Defendants' motion to dismiss, Plaintiff argued: (1) he was seeking an opportunity to mediate his claims; (2) neither side prosecuted the case; and (3) Defendants could have moved to dismiss at any time in the fall of 2009. These arguments are far removed from the tolling argument now made on appeal, unlike the arguments made in the district court and on appeal in *Weststar*.

Finally, we decline to address the issue because it does not involve a jurisdictional question, a matter of general public interest or fundamental error or Plaintiff's fundamental rights. *See* Rule 12-216(B) (providing that the rule or preservation "shall not preclude the appellate court from considering jurisdictional questions or, in its discretion, questions involving: (1) general public interest; or (2) fundamental error or fundamental rights of a party").

## C.    Significant Action

Plaintiff argues that the district court abused its discretion in dismissing his claims because he took significant action to bring his case to final disposition before Defendants moved to dismiss.  We disagree.

From September 2007 until February 2010, a period of approximately twenty-nine months, Plaintiff took no action whatsoever to bring his claims to trial or a final disposition.  In February 2010, Plaintiff asked that the case be reinstated after it had already been dismissed for approximately nineteen months, seeking mediation. However, the motion was not served on Defendants, depriving them of an opportunity to oppose reinstatement of the case.  Moreover, even after the case was reinstated and Plaintiff was granted his request for mediation, he did nothing to bring the case to mediation, or otherwise resolve the case until November 2010, when he filed the motion for a default judgment.  This was approximately thirty-eight months after the amended complaint was filed.  When Defendants filed the motion for dismissal in November 2010, approximately thirty-eight months after the amended complaint was filed, counsel acknowledged a "recent" telephone conversation in which Plaintiff stated what he "wanted."

Plaintiff contends that his actions in: (1) seeking mediation; (2) filing a motion for default judgment; and (3) having a telephone conversation with defense counsel about what he "wanted" constitute "significant action" to bring his claims to trial or other final disposition under Rule 1-041(E)(1). Plaintiff contends that these actions are sufficient as a matter of law under Rule 1-041(E)(1). We disagree with this proposition. "'[W]e make no attempt to fix a standard of what action is sufficient to satisfy the requirement of the rule, for each case must be determined upon its own particular facts and circumstances.'" *Summit*, 2010-NMCA-086, ¶ 6 (quoting *Martin v. Leonard Motor-El Paso*, 75 N.M. 219, 222, 402 P.2d 954, 956-57 (1965)). In this case, Plaintiff's motion seeking mediation was filed approximately twenty-nine months after the amended complaint was filed; the motion for default judgment was filed approximately thirty-eight months after the amended complaint was filed; and the telephone conversation with defense counsel also occurred approximately thirty-eight months after the amended complaint was filed. Under the circumstances, we cannot conclude that the district court abused its discretion in dismissing Plaintiff's claims for failing to prosecute them. Our courts have found an abuse of discretion when special circumstances impeded a plaintiff's prosecution of his claims, or where

a plaintiff actively pursued his claims after a prior lapse in activity. *Id.* ¶ 14. However, such circumstances are not present in this case.

Plaintiff asserts that under the reasoning of *Summit*, the district court abused its discretion in granting Defendants' motion to dismiss under Rule 1-041(E)(1). However, we conclude that *Summit* is factually and legally distinguishable from the case before us to such a degree as to be of no assistance whatsoever to Plaintiff. In *Summit*, one of the two plaintiffs filed a bankruptcy action, and the district court entered an order closing the case as to all claims, specifying that a reopen fee would not be required if the movant sought reinstatement within sixty days after termination of the bankruptcy stay. 2010-NMCA-086, ¶ 3. One year later, within nine days after the bankruptcy proceedings were concluded, the plaintiffs moved for reinstatement of the case under Rule 1-041(E)(2), and requested a trial setting. *Summit*, 2010-NMCA-086, ¶¶ 4, 7. In response, the defendant moved to dismiss under Rule 1-041(E)(1), which the district court granted. *Summit*, 2010-NMCA-086, ¶ 4. We concluded that the plaintiffs demonstrated good cause for reinstatement of the case under Rule 1-041(E)(2) and that the district court abused its discretion in dismissing the case under Rule 1-041(E)(1), because the plaintiffs moved to reinstate the case before the defendant moved to dismiss. *Summit*, 2010-NMCA-086, ¶¶ 8-9, 11.

For the foregoing reasons, we conclude that the district court did not abuse its discretion in dismissing the amended complaint pursuant to Rule 1-041(E)(1).

**D.     Rule 1-016 Order**

Plaintiff's final argument is that the district court had no discretion to dismiss the case under Rule 1-041(E)(1). Specifically, Plaintiff contends that the February 18, 2010 order of the district court reinstating the case, and further ordering, "that the case be subjected to mediation" constitutes an order entered pursuant to Rule 1-016(A)(5) ("In any action the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as . . . facilitating the settlement of the case."). Therefore, Plaintiff's argument continues, dismissal was prohibited by the express language of Rule 1-041(E)(1) stating, "An action or claim shall not be dismissed if the party opposing the motion is in compliance with an order entered pursuant to Rule 1-016[.]"

Plaintiff concedes that this argument was not raised before the district court. For the reasons discussed above under Plaintiff's tolling argument, we do not address this argument.

**CONCLUSION**

The order of the district court is affirmed.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**LINDA M. VANZI, Judge**