This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MILLER FAMILY REAL ESTATE
LLC UTAH JAZZ,**

Plaintiff-Appellant,

v.                                                                 NO.   33,360

**VIOLA S. GARCIA-VALLEJOS,
County Assessor, Valencia County,
New Mexico,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY
Violet C. Otero, District Judge**

Betzer, Roybal & Eisenberg P.C.
Gary D. Eisenberg
Albuquerque, NM

for Appellant

Brown Law Firm
Kevin M. Brown
Desiree D. Gurule
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1}    The Miller Family Real Estate LLC Utah Jazz (Plaintiff) appeals from the district court's order denying Plaintiff's motion to reinstate proceedings against Viola S. Garcia-Vallejos, County Assessor of Valencia County, New Mexico (Defendant), contending that the district court erred in determining that Plaintiff did not have good cause to seek reinstatement of its claims. [DS 3; RP 32] This Court issued a calendar notice proposing summary reversal of the district court's order. Defendant has filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we reverse and remand for further proceedings.

{2}    In our calendar notice, we proposed to hold that the district court abused its discretion in finding that Plaintiff did not show good cause for reinstatement. [CN 5] We based this proposed conclusion on the assertions in the docketing statement that counsel for Plaintiff testified at the motion hearing that "he was diagnosed with Leukemia in early 2012[] and was unable to fully and properly prosecute this matter on behalf of Plaintiff . . . for almost all of 2012 and the first few months of 2013" and that Plaintiff also provided evidence to the district court of settlement efforts that had taken place between New Mexico Property Tax Consultants, acting as agents for Plaintiff, and the Valencia County Deputy Assessor. [CN 3; DS 3]

**{3}** Defendant's memorandum in opposition does not point to any specific errors in fact or in law in our calendar notice. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). However, Defendant argues that Plaintiff did not show good cause for reinstatement for the following reasons: (1) no settlement had been reached at the time that Plaintiff's claims were dismissed; (2) counsel for Plaintiff did not communicate his client's intent to negotiate a settlement agreement to counsel for Defendant, nor did he provide the district court with a reason for not establishing communication; and (3) counsel for Plaintiff did not notify counsel for Defendant of his illness. [MIO unpaginated 3] Based on these facts, Defendant contends that

> [t]he district court did not abuse its discretion in ruling that failure to communicate Plaintiff's . . . ability to prosecute its case or to communicate with counsel regarding proposed settlement terms demonstrates that the proper remedy for Plaintiff . . . is to re-file its claim if it is indeed ready to proceed with the prosecution of the case.

[MIO unpaginated 5] We are not convinced.

**{4}** Defendant's arguments, regarding that "no action was taken . . . to prosecute its case" and failure to communicate with counsel [MIO unpaginated 4-5], appear to be directed at the propriety of the dismissal, especially given Defendant's citation to

3

*Summit Electric Supply Co. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶ 6, 148 N.M. 590, 241 P.3d 188, that "[d]istrict courts have discretion in determining whether to dismiss a case for inactivity, and their decisions shall be reversed if they abuse their discretion." [MIO unpaginated 4] As we noted in our calendar notice, it is clear that the lack of significant action for over one hundred and eighty days justified the district court's dismissal of the case without prejudice under Rule 1-041(E)(2) NMRA. [CN 5] However, once Plaintiff files its motion to reinstate, the operative question then becomes whether Plaintiff has shown good cause for reinstatement. *See* Rule 1-041(E)(2); *Summit Elec.*, 2010-NMCA-086, ¶ 7 (holding that the party seeking reinstatement following dismissal must make a showing of good cause as to why the case should be reinstated). In determining good cause for purposes of Rule 1-041(E)(2), we have held that the standard is whether a party "is ready, willing, and able to proceed with the prosecution of his claim and that the delay in prosecution is not wholly without justification." *Summit Elec.*, 2010-NMCA-086, ¶ 7. In her memorandum in opposition, Defendant "recognizes that Plaintiff . . . has provided justification after the fact of dismissal which would demonstrate that the lack of prosecution was not 'wholly without justification' (counsel's illness and proposed settlement negotiation)[.]" [MIO unpaginated 4] Therefore, we conclude that Defendant has failed to demonstrate that this Court's proposed disposition is incorrect.

4

{5}     Finally, we note that Defendant filed a motion in this Court to supplement the record proper with the transcript of the motion hearing. Generally, this Court does not consider transcripts in cases assigned to the summary calendar. *See* Rule 12-210(D)(1) NMRA (stating that in cases assigned to the summary calendar, "a transcript of proceedings shall not be filed"). While we occasionally exercise our discretion in order to allow supplementation of the record, Defendant has not provided this Court with sufficient reason to exercise our discretion in this case. Therefore, Defendant's motion to supplement the record proper with the motion hearing transcript is denied.

{6}     For these reasons and those in our calendar notice, we reverse the district court's order and remand for further proceedings.

{7}     **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL E. VIGIL, Judge**