This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**KERI WILLIAMS and RAYMOND WILLIAMS,**

Plaintiffs-Appellants,

v.                                                                                    **No. 34,239**

**SHELDON HARRIS, CAROLYN MORENO, and NEVADA GENERAL INSURANCE CO.,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Cheryl K. McLean
Albuquerque, NM

for Appellants

Law Office of Nathan Winger
Nathan Winger
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}    Plaintiff-Appellant Raymond Williams (Plaintiff)[1] has appealed from an order of the district court denying his motion to reinstate and dismissing his complaint with prejudice. We issued a notice of proposed summary disposition proposing to reverse. Defendants have filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore reverse and remand.

{2}    The pertinent background information was previously summarized the notice of proposed summary disposition. Although the memorandum in opposition contains a paragraph-by-paragraph response to the recitation of facts contained within the docketing statement, [MIO 2-8] Defendants do not dispute the accuracy of the summary in our notice of proposed summary disposition. We will therefore avoid lengthy and undue factual recitation here, and proceed directly to the merits.

{3}    In a case such as this where the district court has entered an order of dismissal on its own motion pursuant to Rule 1-041(E)(2) NMRA, the court should reinstate the case if good cause is shown. *Summit Elec. Supply Co., Inc. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶ 7, 148 N.M. 590, 241 P.3d 188. Good cause is established by a

---

[1]Although Plaintiff Keri Williams joined in the filing of the notice of appeal, the parties agree that she has settled, [DS 1, 10; MIO 8] such that she is no longer an active participant in the appeal.

showing that the delay in prosecution is not wholly without justification, and that the party is ready, willing, and able to proceed with the prosecution of his claim. *Id.*

{4}     In this case, insofar as the nine-month period of inactivity which precipitated the dismissal of the action was occasioned by the unforseen death of one of the parties, insofar as the record reflects that reasonable efforts were made to proceed once the death was confirmed,  and insofar as the estate ultimately appears to have been ready, willing, and able to proceed, [RP 254] good cause for reinstatement was demonstrated. *See generally id.* ¶¶ 7-9 (observing that good cause for reinstatement is demonstrated upon a showing that the delay in prosecution is not wholly without justification, and the party is ready willing and able to proceed).

{5}     In their memorandum in opposition Defendants contend that the delay was wholly without justification insofar as Plaintiff could have done more *before* the unforseen death and the resultant period of inactivity preceding the dismissal. [MIO 10-13, 17-19] However, this is not the relevant unit of analysis.  "[A] district court that dismisses a case on its own motion following a 180-day period of inactivity should reinstate the case if good cause is shown *for the* [*period of*] *inactivity*." *Id.* ¶ 7 (emphasis added). We are therefore unpersuaded that Plaintiff's failure to more aggressively prosecute the action at earlier stages of the litigation supplies a basis for affirmance pursuant to Rule 1-041(E)(2).

3

{6} Relative to the 180-day period of inactivity that preceded the sua sponte dismissal, Defendants suggest that counsel for Plaintiff could have requested a stay from the district court while verifying the death, and should have contacted defense counsel. [MIO 11] Although we agree that these or other actions could have been taken, the fact remains that the prosecution would still have been justifiably delayed by the death. As such, our analysis pursuant to Rule 1-041(E)(2) remains unchanged.

{7} To the extent that Rule 1-041(E)(1) might supply an alternative basis for the decision rendered below, a two-part test requires the district courts to first determine whether action has been timely taken by the plaintiff, and to second determine whether the plaintiff has been excusably prevented from taking such action. *Summit Electric*, 2010-NMCA-086, ¶ 10. In this case, we previously observed that Plaintiff's prompt motion for reinstatement, together with the initiation of probate proceedings, the ensuing appointment of personal representative, and the affirmation that the estate was ready to proceed, constituted significant actions designed to bring about a final disposition. *See generally id.* ¶¶ 13-14 (observing that our cases have "declined to outline precisely what action is sufficient to satisfy Rule 1-041(E)(1)," but in any event, dismissal constitutes an abuse of discretion where "special circumstances" have impeded the prosecution of a claim, "or where a claim has been pursued actively after a prior lapse in activity").

4

{8}     In their memorandum in opposition Defendants once again attempt to shift the focus to the entire course of the proceedings, arguing that Plaintiff's failure to aggressively prosecute the action at its earlier stages supplies a basis for the district court's ultimate action. [MIO 14-19] However, this is not the relevant timeframe for purposes of Rule 1-041(E)(1). As the Court explained in *Summit Electric*, in cases such as this, where the plaintiff takes good faith action to prosecute *before the defendant files a motion to dismiss*, Rule 1-041(E)(1) does not supply a basis for dismissal, notwithstanding a prior lapse in activity. *Id.* ¶¶ 12-14.

{9}     Defendants further suggest that certain factors and considerations discussed in the case of *Lowery v. Atterbury*, 1992-NMSC-001, 113 N.M. 71, 823 P.2d 313, support the district court's disposition in this case. [MIO 15-116] However, insofar as *Lowery* addresses Rule 1-041(B), as opposed to Rule 1-041(E), it is inapplicable. We therefore remain unpersuaded.

{10}     Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we reverse the ruling of the district court and remand for further proceedings.

{11}     **IT IS SO ORDERED.**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**TIMOTHY L. GARCIA, Judge**

_____

**M. MONICA ZAMORA, Judge**