This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CARRINGTON MORTGAGE SERVICES, LLC,**

Plaintiff-Appellant,

v.                                                        **No. 36,097**

**MATTHEW P. PADILLA and**
**PATRICIA M. PADILLA,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Shannon C. Bacon, District Judge**

Houser & Allison APC
Solomon S. Krotzer
Lindsay K. Grifffel
Albuquerque, NM

for Appellant

United South Broadway Corporation
Chad Gruber
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     In this foreclosure case, Plaintiff argues that the district court erred in denying its motion to reinstate the case and dismissing the case *with prejudice*. This Court issued a notice of proposed disposition proposing to affirm the denial of Plaintiff's motion to reinstate, and proposing to reverse the district court order to the extent that it dismissed the foreclosure action *with prejudice.* Plaintiff and Defendants filed responses to our notice of proposed disposition. Having considered the parties' responses and not being persuaded, we affirm, in part, and reverse, in part.

{2}     As discussed in detail in our notice of proposed disposition, Plaintiff's predecessor filed a complaint for foreclosure against Defendants on May 7, 2010, and on February 9, 2016, the district court dismissed this case for the third time for lack of prosecution. [CN 2] Following this dismissal, Plaintiff filed a timely motion to reinstate the case and Defendants filed a response, in which they asked the district court to deny Plaintiff's motion to reinstate the case and to dismiss the case with prejudice, or in the alternative, to allow the dismissal without prejudice for lack of prosecution to stand. [CN 2] On May 10, 2016, the district court entered an order denying Plaintiff's motion to reinstate the case and dismissing the complaint with prejudice. [CN 2] Subsequently, Plaintiff filed a timely Rule 1-059 NMRA motion for reconsideration, which was denied, and the denial is the subject of this appeal. [CN 2-3]

2

**{3}** In our notice of proposed disposition, we proposed to conclude that the district court did not abuse its discretion in finding that Plaintiff did not show good cause for reinstatement. [CN 4-6] *See Summit Elec. Supply Co. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶ 7, 148 N.M. 590, 241 P.3d 188 (providing that under Rule 1-041(E)(2) NMRA, the party seeking reinstatement following dismissal must make a showing of good cause as to why the case should be reinstated); *see id.* (recognizing that the standard is whether a party "is ready, willing, and able to proceed with the prosecution of his claim and that the delay in prosecution is not wholly without justification" (internal quotation marks and citation omitted)); *see id.* ¶ 9 (stating that this Court reviews the district court's determination as to good cause shown for an abuse of discretion). Additionally, we proposed to hold that the district court erred in changing the dismissal *without prejudice* for lack of prosecution into a dismissal *with prejudice*. [CN 7-8]

**{4}** In response to our notice of proposed disposition, Plaintiff continues to argue that the district court abused its discretion in denying Plaintiff's motion to reinstate and that the district court erred in dismissing the foreclosure action with prejudice. [*See generally* Pl.'s Resp.] Defendants, on the other hand, argue that dismissal with prejudice was proper because they requested a dismissal with prejudice and had pointed out to the district court that this case had been pending for six years and had

been dismissed three times for lack of prosecution. [Defs.' Resp. 1-2] Defendants ask this Court to affirm the district court's order in its entirety. [Id. 7] Both parties attached exhibits to their responses. This Court cannot, and therefore did not, consider the attachments relied upon that were not part of the record. *See In re Aaron L.*, 2000-NMCA-024, ¶ 27, 128 N.M. 641, 996 P.2d 431 (stating that "[t]his Court will not consider and counsel should not refer to matters not of record in their briefs"); *Jemko, Inc. v. Liaghat*, 1987-NMCA-069, ¶ 22, 106 N.M. 50, 738 P.2d 922 ("It is improper to attach to a brief documents which are not part of the record on appeal.").

{5}     Plaintiff's arguments are not persuasive because, instead of pointing out errors in fact or law with our notice of proposed disposition, Plaintiff continues to argue that the district court abused its discretion in denying the motion to reinstate. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Defendants contend that they requested a dismissal with prejudice, and there was a basis for dismissing with prejudice. [*See generally* Defs.' Resp.] Even if this is so, Defendants did not make this request, and the district court did not grant this request, until after the case had already been dismissed without prejudice for lack of prosecution. *Cf. Bankers Trust Co. of Cal., N.S. v. Baca*, 2007-NMCA-019, ¶¶ 2, 8-9, 11, 141 N.M.

4

127, 151 P.3d 88 (holding that "the denial of the motion for reinstatement of the Rule 1-041(E)(2) dismissal without prejudice does not transform that dismissal into one with prejudice"). While Defendants tried to distinguish the facts in *Bankers Trust Co. of Cal.* from the facts in the present case, Defendants did not provide any authority to support their contention that the district court continued to have jurisdiction to enter a dismissal with prejudice after it had entered a dismissal without prejudice and denied Plaintiff's motion to reinstate. [Defs.' Resp. 2] Accordingly, we are not persuaded by the responses to our notice of proposed disposition.

{6}     For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's denial of Plaintiff's motion to reinstate, and we reverse the district court's dismissal of the foreclosure action *with prejudice.*

{7}     **IT IS SO ORDERED.**

   
_____  
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____  
**LINDA M. VANZI, Chief Judge**

_____  
**STEPHEN G. FRENCH, Judge**