This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JARDINERO INVESTMENTS, LLC,**

Plaintiff-Appellant,

**v.**                                                    **No. A-1-CA-36109**

**JARDINERO PROFESSIONAL PLAZA CONDOMINIUM ASSOCIATION, INC., a New Mexico nonprofit corporation; CARMEL BUILDING PARTNERS, LLC, a New Mexico LLC; and HEAD FOR THE BEACH GROUP OF NEW MEXICO, LLC, a New Mexico LLC,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

Crowley & Gribble, PC
Clayton E. Crowley
Albuquerque, NM

 for Appellant

Sutin, Thayer & Browne
Susan M. Hapka
Andrew J. Simons
Albuquerque, NM

for Appellees

**HANISEE, Judge.**

{1} Plaintiff argues that the district court erred in denying its motion to reconsider the district court's earlier order denying Plaintiff's motion to reinstate the case. [*See generally* DS 3-4] This Court issued a notice of proposed disposition proposing to affirm. Plaintiff and Defendants filed responses to our notice of proposed disposition. We have duly considered the responses and, for the reasons stated in the notice of proposed disposition and below, we affirm.

{2} As discussed in our notice of proposed disposition, Plaintiff filed a complaint for declaratory judgment and damages against Defendants on October 1, 2012 [RP 1-4], and on April 13, 2016, the district court dismissed this case for the second time for lack of prosecution [RP 130]. [CN 2] Following this dismissal, Plaintiff filed a timely motion to reinstate the case [RP 132-33]; Defendants filed a response [RP 138-52]; and on September 26, 2016, the district court held a hearing on Plaintiff's motion for reinstatement and denied the motion [RP 180]. [CN 2] The written order denying the motion was filed on September 29, 2016. [RP 180; CN 2] In the interim, on September 27, 2016, Plaintiff filed a motion to reconsider. [RP 158-79; *see also* RP 186-96, 201;

CN 2] On November 7, 2016, the district court entered the order denying Plaintiff's motion for reconsideration, which is the subject of this appeal. [RP 205-06; CN 2-3]

**{3}** In our notice of proposed disposition, we noted that the April 13, 2016 order, entered pursuant to the court's own motion, refers to the fact that "no significant action has been taken in 180 or more days" and allows any party to move for reinstatement of the case within thirty days of service [RP 130], and this language tracks that of Rule 1-041(E)(2) NMRA, which permits dismissals without prejudice. [CN 3] Because it did not appear that Plaintiff made any assertions as to why the delay in this case was not wholly without justification, we proposed to conclude that the district court did not abuse its discretion in finding that Plaintiff did not show good cause for reinstatement. [CN 3-5] *See Summit Elec. Supply Co. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶ 7, 148 N.M. 590, 241 P.3d 188 (providing that under Rule 1-041(E)(2), the party seeking reinstatement following dismissal must make a showing of good cause as to why the case should be reinstated); *see id.* (recognizing that the standard is whether a party "is ready, willing, and able to proceed with the prosecution of his claim and that the delay in prosecution is not wholly without justification" (internal quotation marks and citation omitted)); *see id.* ¶ 9 (stating that this Court reviews the district court's determination as to good cause shown for an abuse of discretion).

{4}    In response to our notice of proposed disposition, Plaintiff does not contend that it established that the delay in prosecution was not wholly without justification. Instead, Plaintiff contends: (1) it "served discovery the day before the dismissal was received by the parties[,]" so it is Plaintiff's position that "the fact that discovery was served before the case was dismissed causes the analysis of delay 'wholly without justification' to be moot" [MIO 1-2]; and (2) during the hearing on Plaintiff's motion to reinstate the case, the district court improperly conflated Rule 1-041(E)(1) and Rule 1-041(E)(2) [MIO 2-8].

{5}    We are not persuaded by Plaintiff's contentions. The record reflects that Plaintiff filed a certificate of service on October 13, 2015, certifying that Plaintiff emailed its discovery responses to opposing counsel on October 12, 2015. [RP 129] The next court filing occurred on April 13, 2016, at 4:03:30 P.M., when the district court entered the relevant disposition order for lack of prosecution. [RP 130] Later that day, at 4:57:46 P.M., Plaintiff filed a certificate of service certifying that it emailed discovery requests to opposing counsel on April 13, 2016. [RP 131] More than 180 days had passed between the entry of the certificate of service on October 13, 2015, and the entry of the district court's disposition order for lack of prosecution on April 13, 2016, without any significant action in connection with the claims in this case. Therefore, we conclude that the district court acted within its authority, as set

4

forth in Rule 1-041(E)(2), to dismiss the case without prejudice. *See id.* ("Unless a pretrial scheduling order has been entered pursuant to Rule 1-016 NMRA, the court on its own motion or upon the motion of a party may dismiss without prejudice the action or any counterclaim, cross-claim or third party claim if the party filing the action or asserting the claim has failed to take any significant action in connection with the action or claim within the previous one hundred and eighty (180) days.").

**{6}** Despite Plaintiff's insistence that the district court conflated Rule 1-041(E)(2) with Rule 1-041(E)(1) during the hearing on Plaintiff's motion for reinstatement [MIO 2-8], the record does not support this assertion. *See* Rule 1-041(E)(2) (discussed above); Rule 1-041(E)(1) ("Any party may move to dismiss the action, or any counterclaim, cross-claim or third-party claim with prejudice if the party asserting the claim has failed to take any significant action to bring such claim to trial or other final disposition within two (2) years from the filing of such action or claim."). The record reflects that the April 13, 2016 order was entered pursuant to Rule 1-041(E)(2), resulting in a dismissal without prejudice. [RP 130]

**{7}** To have the case reinstated, Plaintiff was required to show good cause. *See Summit*, 2010-NMCA-086, ¶ 7 (stating that good cause is established by a showing that the party is ready, willing, and able to proceed with the prosecution of its claim, and that the delay in prosecution is not wholly without justification); *see also* Rule 1-

041(E)(2) ("Within thirty (30) days after service of the order of dismissal, any party may move for reinstatement of the case. Upon good cause shown, the court shall reinstate the case and shall enter a pretrial scheduling order pursuant to Rule 1-016 NMRA."). Plaintiff did not meet its burden, so the district court denied its motion for reinstatement. [RP 211] As discussed in our notice of proposed disposition, in the absence of good cause, we cannot say that the district court erred in denying Plaintiff's motion to reinstate the case or in denying Plaintiff's motion to reconsider. [CN 4]

{8}     For the reasons stated in our notice of proposed disposition and herein, we affirm.

{9}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**M. MONICA ZAMORA, Judge**

6