This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STEVEN LOWDER,**

Plaintiff-Appellant,

**v.**                                                    **No. A-1-CA-34921**

**BRIAN SHOEMAKER AND THE LAW OFFICE OF BRIAN SHOEMAKER,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Eleanor K. Bratton
Albuquerque, NM

for Appellant

The Shoemaker Law Firm
Brian L. Shoemaker
Albuquerque, NM

Pro Se Appellee

**MEMORANDUM OPINION**

**HANISEE Judge.**

{1}     Plaintiff Steven Lowder appeals from the district court's order denying his motion to reconsider the dismissal, with prejudice, of the complaint filed against Defendant Brian Shoemaker and the Law Office of Brian Shoemaker. [RP 154] This Court filed a calendar notice proposing to affirm on the summary calendar. Plaintiff filed a memorandum in opposition to the proposed disposition. Not persuaded by Plaintiff's arguments, we affirm.

{2}     This Court's calendar notice proposed to affirm the district court's order on the basis that dismissal was proper under Rule 1-041(E)(1) NMRA for lack of prosecution, and that contrary to Plaintiff's assertions, dismissal was not solely based on counsel's failure to appear at the motion hearing. [CN 5-6] Plaintiff contends that this Court's proposed disposition rests upon a misunderstanding of the context and threshold basis for the district court's dismissal. [MIO 3] Plaintiff asserts that there was never a motion to dismiss for lack of prosecution before the district court. [Id.] Rather, the only motion to dismiss was Defendant's pleading filed immediately after the case was reinstated, seeking reversal of the reinstatement, which was a matter within the district court's sound discretion. [Id.] Plaintiff further asserts that dismissal was not based on his counsel's failure to prosecute before reinstatement of the case, and could not be based on any failure to prosecute after reinstatement because Plaintiff responded to pleadings and filed a motion for summary judgment. [MIO 4] Plaintiff

contends that Defendant failed to move for reconsideration of the order reinstating the case, was unsuccessful in obtaining dismissal on the merits concerning the impropriety of the reinstatement, and eventually obtained relief, not on the merits, but solely on the basis of Plaintiff's counsel's failure to appear at the hearing due to a medical emergency. [MIO 3]

{3}    It appears from the record that although Defendant's original motion to dismiss did not raise lack of prosecution as a basis for dismissal, it was later raised by reply [RP 29] and by way of Defendant's motion for reconsideration [RP 62]. Defendant's motion to dismiss initially argued dismissal on the bases of failure to join a necessary party and failure to state a claim upon which relief may be granted under Rule 1-012(B)(6) NMRA. [RP 20-22] Plaintiff's response asserted that the action related back to the original date the complaint was filed. [RP 27] Defendant's reply argued, for the first time, that dismissal for lack of prosecution was warranted under Rule 1-041 (E)(2). [RP 29-31] The district court denied the motion on that basis. [RP 60]

{4}    Thereafter, Defendant's motion for reconsideration conceded that denial of Defendant's motion to dismiss was proper under Rule 1-041(E)(2), but argued that dismissal was instead warranted under a different subsection of the rule, Rule 1-041(E)(1), which provides "a serious sanction for extremely dilatory parties and their counsel." [RP 63-64] Defendant argued that the purpose of Rule 1-041(E)(1) was to

shorten the period of time for non-action in a case from three years to two years, and provided "a serious sanction for extremely dilatory parties and their counsel." [RP 63] Defendant further argued that the ten month delay between the filing of the complaint and the order reinstating the case, as well as the twenty month delay between the motion for reinstatement of the case, resulting order reinstating the case, and Plaintiff's proper service of the complaint, met the requirement of the rule and Plaintiff's failure to offer an excuse for the delay at the prior hearing made dismissal proper under Rule 1-041(E)(1) and applicable case law. [RP 64] Based on the pleadings, the district court dismissed the case with prejudice. [RP 118] While the order expresses the district court's frustration with counsel's failure to appear [RP 117-18], the district court clearly based dismissal, in part, on Rule 1-041(E)(1) for lack of prosecution. [RP 118]

{5}     The record supports the district court's decision. More than two years passed from the date the complaint was filed in April 2011 [RP 1] to the date the case was reinstated in November 2013 [RP 14], at which time Plaintiff had not yet even served the complaint on Defendants. [RP 14] *See Sarikey v. Sandoval*, 1965-NMSC-072, ¶ 6, 75 N.M. 271, 404 P.2d 108 ("If no action is taken for a period of at least two years, after filing the complaint, to bring the case to a final determination, the case must be dismissed upon motion of the opposite party unless dismissal is prevented by certain

4

well defined exceptions."). Plaintiff did not serve Defendants with the complaint until December 2013 [RP 18], two years and eight months after the complaint was originally filed [RP 1].

{6} As to any action taken by Plaintiff after the case was reinstated, our case law has recognized that such may constitute a good faith effort to satisfy the requirement that action be taken to bring a case to a final determination. *See Sewell v. Wilson*, 1982-NMCA-017, ¶ 38, 97 N.M. 523, 641 P.2d 1070 ("Abuse of discretion has been found where dismissal results in an injustice and special circumstances impeded [a] plaintiff's prosecution of his claim, or where a claim is being pursued actively after a prior lapse in activity."). Plaintiff, however,took no such action; after the case was reinstated, the only action Plaintiff took was to serve Defendant for the first time, having been ordered to do so by the district court. [RP 15] It was not until Defendant moved to dismiss [RP 20] that Plaintiff filed a motion for summary judgment [RP 39]. Aside from the motion to reinstate, and subsequent service of the complaint on Defendants, Plaintiff took no meaningful action to prosecute the case for almost three years since the initial filing of the complaint. [RP 1; RP 14; RP 39]

{7} In light of the policies underlying Rule 1-041(E), which are designed to expedite the prosecution of cases, we cannot conclude that the district court abused its discretion. We recognize that Rule 1-041(E) serves dual purposes, it "is intended

to promote judicial efficiency and to conclude stale cases, but it should not be applied in complete disregard of this court's often stated concerns for the rights of litigants to have their day in court and their cases decided on the merits and not on trivial technicalities." *Sewell*, 1982-NMCA-017, ¶ 35 (internal quotation marks and citation omitted). Despite years of taking no action in the case, Plaintiff was given an opportunity to litigate his case upon reinstatement. Yet all Plaintiff did was serve Defendant as ordered by the district court. It was not until after Defendant filed a motion to dismiss that Plaintiff filed a motion for summary judgment, four months after the case was reinstated. [RP 14; 39] *Cf. Summit Elec. Supply Co., Inc. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶ 12, 148 N.M. 590, 241 P.3d 188 ("The filing of a motion for a trial setting on the merits amounted to action by the plaintiff to bring the case to its final determination and, moreover, because the action came before the defendant elected to invoke his right to dismissal, the court concluded that the plaintiff had satisfied the rule."). We therefore do not believe this decision is at odds with the dual purpose of the rule.

{8}     We therefore conclude that Plaintiff has not demonstrated error on appeal. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the Plaintiff to clearly demonstrate that the trial court erred). Based on the above facts, as found in the record, we find no

abuse of discretion by the district court in dismissing the case for lack of prosecution, upon reconsideration of its prior ruling. *See Summit*, 2010-NMCA-086, ¶ 10 ("A reviewing court will uphold a district court's analysis except in cases where discretion had been abused."); *see also Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 ("An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." (internal quotation marks and citation omitted)).

{9}     For all of these reasons, and those stated in this Court's calendar notice, we affirm the district court's order.

{10}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**TIMOTHY L. GARCIA, Judge**